THE YOCCA LAW FIRM LLP
MARK W. YOCCA, State Bar No. 137189
PAUL KIM, State Bar No. 157608
JARED GLICKSMAN, State Bar No. 247124
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Telephone:   (949) 253-0800
Facsimile:    (949) 253-0870

Attorneys for Plaintiff,
DAVID OAS, CHRISTINE BALABAN AND
ELIZABETH OAS, As Co-Trustees of THE JANET
C. LUDVIGSON TRUST DATED
JUNE 1, 1988, a California trust

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID OAS, CHRISTINE BALABAN and ELIZABETH OAS, As Co-Trustees of THE JANET C. LUDVIGSON TRUST DATED JUNE 1, 1988, a California trust,<br><br>          Plaintiff,<br><br>     vs.<br><br>RAMA CAPITAL PARTNERS, LLC, a California limited liability company; THE RAMA FUND, LLC, a California limited liability company; ATHAS CAPITAL GROUP, INC.; a California corporation; ANTHONY TAMRAZ, an individual; A J TAMRAZ, INC., a California corporation; CESAR HERNANDEZ, an individual, SPURS CAPITAL, LLC, a Delaware Limited Liability Company, WILMINGTON SAVINGS FUND SOCIETY FSB | **CASE NO.:** 8:20-cv-01634 MCS-ADS<br><br>Assigned to: Hon. Mark C. Scarsi<br>Courtroom: 7C<br><br>**DECLARATION OF JARED GLICKSMAN IN SUPPORT OF JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2 RE: PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF BRIAN O'SHAUGHNESSY**<br><br>**[Local Rule 37-2 Joint Stipulation and Notice of Motion to Compel Filed Herewith]** |

1

2

3

4

5

/d/b/a Christina Trust, as Trustee for
Bantam Funding Trust 2018-1;
FIDELITY NATIONAL TITLE
COMPANY, a California corporation;
and DOES 1 through 20, inclusive,

Defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF JARED GLICKSMAN**

I, Jared Glicksman, declare:

1.     I am an attorney duly admitted to practice before all Courts of the State of California, and the United States District Court, for the Central District of California. I am a partner with The Yocca Law Firm LLP, attorneys of record for Plaintiff David Oas, Christine Balaban and Elizabeth Oas, as Co-Trustees of The Janet C. Ludvigson Trust Dated June 1, 1988 (collectively hereinafter "Ludvigson Trust" or "Plaintiff"). I submit this declaration in support of Plaintiff's Motion to Compel and its Joint Stipulation Pursuant to Local Rule 37-2 Re: Plaintiff's Motion to Compel the Deposition of Brian O'Shaughnessy. I have personal knowledge of the facts set forth below and, if called as a witness, could and would competently testify thereto.

2.     On September 17, 2021, Plaintiff served Defendants Athas Capital Group, Inc. ("Athas"), The Rama Fund, LLC and Rama Capital Partners, LLC (the "Rama" entities are collectively referred to herein as "Rama") with its deposition notice of Brian O'Shaughnessy, Athas' Chief Executive Officer. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Notice of Deposition of Brian O'Shaughnessy. Mr. O'Shaughnessy's deposition was noticed for September 28, 2021.

3.     On September 21, 2021, Brian O'Shaughnessy, and Defendants Athas, Rama, Spurs Capital, LLC, and Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Trustee for Bantam Funding Trust 2018-1 served their written objections to Plaintiff's deposition notice of Mr. O'Shaughnessy. Attached hereto as Exhibit "B" is a true and correct copy of Defendants' written objections.

4.     Defendants' objections are frivolous and without merit. On September 22, 2021, I sent a meet and confer letter to Defendants' counsel, explaining the impropriety of Defendants' objections, and requesting a "meet and confer" conference pursuant to Local Rule 37-1. Because Defendants' counsel work in a different county, I requested that this conference take place over the telephone. Attached hereto as Exhibit "C" is a true and correct copy of my September 22, 2021 meet and confer letter.

**DECLARATION OF JARED GLICKSMAN**

5. On September 27, 2021, at 10:00 a.m., Defendants' counsel, Nicole Metral and I discussed extensively the parties' respective positions on Plaintiff's deposition of Mr. O'Shaughnessy and Defendants' objections thereto. Unfortunately, we were unable to resolve this dispute necessitating the filing of the instant Joint Stipulation and Notice of Motion to Compel the Deposition of Brian O'Shaughnessy. As of the filing of this motion, Defendants have not filed a motion for a protective order or obtained a protective order. Defendants also have not obtained or even requested a stay of Mr. O'Shaughnessy's deposition.

6. On September 17, 2021, Plaintiff took the deposition of Yvonne Runyan (also known as Yvonne Brumett), Defendant Athas' head underwriter at all relevant times. Attached hereto as Exhibit "D" are true and correct copies of the relevant excerpts from Ms. Brumett's deposition transcript.

7. On September 20, 2021, Plaintiff took the deposition of Pasha Paran, the Athas Account Executive who worked on the loan in this matter. Attached hereto as Exhibit "E" are true and correct copies of relevant excerpts from Mr. Paran's deposition transcript.

8. On July 16, 2021, Plaintiff served its 30(b)(6) deposition notices of Defendants Athas and Rama Fund, LLC. Those depositions were noticed for August 18 and 19, respectively. Pursuant to Defendants' counsel's request, Plaintiff continued those deposition dates. On September 13, 2021, Plaintiff served its amended deposition notices of Athas and Rama Fund, LLC., noticed for September 22, 2021. On September 15, 2021, Defendants objected to each, and every category identified in those amended deposition notices. We made numerous requests to Defendants' counsel to withdraw their objections and confirm that Defendants would produce their 30(b)(6) witness(es). Defendants ignored those requests. Accordingly, on September 21, 2021, we notified Defendants' counsel that due to their refusal to withdraw their baseless objections or even confirm that someone would be appearing for deposition, the depositions properly noticed for September 22 will not going forward. Once again, we reiterated our request

**DECLARATION OF JARED GLICKSMAN**

for new deposition dates for Defendants' Rule 30(b)(6) witness(es).  Defendants have since provided available dates for the latter part of October; however, to date, Defendants have still refused to withdraw any of their baseless objections.  Accordingly, it remains unclear as to which if any categories Defendants' witness(es), if they appear for deposition, will be able to testify to.

9.     We are aware of other lawsuits involving Defendant Athas, including a lawsuit filed in the Superior Court of California, County of Los Angeles, entitled *Florenzo Robert Della Ripa v. Athas Capital Group, et al.*, Case No. 18STCV00039. Attached hereto as Exhibit "F" is a true and correct copy of the Declaration of Brian O'Shaughnessy in Support of Defendant Athas Capital Group's Motion for Summary Judgment or in the Alternative, Summary Adjudication, filed in that Los Angeles County Superior Court case.

10.     Attached hereto as Exhibits "G" and "H" are the Court's initial Scheduling Order and the Court's subsequent Order on the Parties' stipulation for a continuance of certain deadlines.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Declaration is executed on October 4, 2021, at Irvine, California.


                        _____/s/ Jared Glicksman_____
                              JARED GLICKSMAN

**DECLARATION OF JARED GLICKSMAN**

**EXHIBIT "A"**

THE YOCCA LAW FIRM LLP
MARK W. YOCCA, State Bar No. 137189
PAUL KIM, State Bar No. 157608
JARED GLICKSMAN, State Bar No. 247124
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Telephone:   (949) 253-0800
Facsimile:   (949) 253-0870

Attorneys for Plaintiff,
DAVID OAS, CHRISTINE BALABAN AND
ELIZABETH OAS, As Co-Trustees of THE JANET
C. LUDVIGSON TRUST DATED
JUNE 1, 1988, a California trust

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID OAS, CHRISTINE BALABAN and ELIZABETH OAS, As Co-Trustees of THE JANET C. LUDVIGSON TRUST DATED JUNE 1, 1988, a California trust,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RAMA CAPITAL PARTNERS, LLC, a California limited liability company; THE RAMA FUND, LLC, a California limited liability company; ATHAS CAPITAL GROUP, INC.; a California corporation; ANTHONY TAMRAZ, an individual; A J TAMRAZ, INC., a California corporation; CESAR HERNANDEZ, an individual, SPURS CAPITAL, LLC, a Delaware Limited | **CASE NO.:** 8:20-cv-01634-MCS-ADS<br><br>Assigned to: Hon. Mark C. Scarsi<br>Courtroom: 7C<br><br>**PLAINTIFF'S NOTICE OF DEPOSITION OF BRIAN O'SHAUGHNESSY**<br><br>Date:   September 28, 2021<br>Time:  10:00a.m.<br>Place:  The Yocca Law Firm LLP<br>           19900 MacArthur Blvd. Suite 650<br>           Irvine, CA 92612 |

**NOTICE OF DEPOSITION**

1
2
3
4
5
6
7

Liability Company, WILMINGTON
SAVINGS FUND SOCIETY FSB
/d/b/a Christina Trust, as Trustee for
Bantam Funding Trust 2018-1;
FIDELITY NATIONAL TITLE
COMPANY, a California corporation;
and DOES 1 through 20, inclusive,

Defendants.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF DEPOSITION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED THAT on September 28, 2021 at 10:00 a.m. at the offices of The Yocca Law Firm LLP, located at 19900 MacArthur Blvd., Suite 650, Irvine, California 92612, Plaintiff David Oas, Christine Balaban and Elizabeth Oas, as Co-Trustees of the Janet C. Ludvigson Trust Dated June 1, 1988 ("Ludvigson Trust" or "Plaintiff") will take the deposition on oral examination of Brian O'Shaughnessy, Athas Capital Group, Inc.'s Chief Executive Officer, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure. A copy of the deposition subpoena is attached hereto as Exhibit "A."

Such deposition will be taken by a certified court reporter authorized to administer oaths and take testimony and will be recorded by audiotape, stenographically and by videotape, and shall continue from day to day until completed excluding weekends and holidays. Plaintiff expressly reserves the right to introduce and use the stenographic transcript and/or the audio or videotape of the deposition, or portions thereof, at the trial or other proceedings related to this matter.

DATE: September 17, 2021        Respectfully Submitted,

THE YOCCA LAW FIRM LLP

/s/ Jared Glicksman       .

MARK W. YOCCA
PAUL KIM
JARED GLICKSMAN
Attorneys for Plaintiff
DAVID OAS, CHRISTINE BALABAN AND
ELIZABETH OAS, as Co-Trustees of THE
JANET C. LUDVIGSON TRUST DATED
JUNE 1, 1988, a California trust

NOTICE OF DEPOSITION

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is 19900 MacArthur Boulevard, Suite 650, Irvine, California 92612.

On **September 17, 2021,** I served a copy of the following document(s  PLAINTIFF'S NOTICE OF DEPOSITION OF BRIAN O'SHAUGHNESSY on the interested parties in this action as follows:

BLANK ROME LLP
Cheryl S. Chang
Jessica A. McElroy
Nicole Bartz Metral
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Chang@BlankRome.com
JMcElroy@BlankRome.com
NBMetral@BlankRome.com
*Attorneys for Rama Capital Partners, LLC; The Rama Fund, LLC; Athas Capital Group, Inc.; Spurs Capital, LLC; and Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Trustee for Bantam Funding Trust 2018-1*

Ronald K. Giller
Hennelly & Grossfeld LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90290
rgiller@hgla.com
*Attorneys for Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Trustee for Bantam Funding Trust 2018-1*

[XX]   **BY ELECTRONIC TRANSMISSION (EMAIL)** - by emailing document in PDF format, a true copy of the above-referenced document to the email addresses specified above.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed on September 17, 2021, at Buena Park, California.

_____
          /s/ Jared Glicksman
          Jared Glicksman

# EXHIBIT "B"

BLANK ROME
Cheryl S. Chang (SBN 237098)
Chang@BlankRome.com
Nicole B. Metral (SBN 286606)
NBMetral@BlankRome.com
Jessica A. McElroy (SBN 299919)
JMcElroy@BlankRome.com
2029 Century Park East, Suite 600
Los Angeles, California 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

*Attorneys for Defendants*
RAMA CAPITAL PARTNERS, LLC, THE RAMA
FUND, LLC, ATHAS CAPITAL GROUP, INC., SPURS
CAPITAL, LLC AND WILMINGTON SAVINGS FUND
SOCIETY FSB D/B/A CHRISTIANA TRUST, AS
TRUSTEE FOR BANTAM FUNDING TRUST 2018-1

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID OAS, CHRISTINE BALABAN and ELIZABETH OAS, As Co-Trustees of THE JANET C. LUDVIGSON TRUST DATED JUNE 1, 1988, a California trust<br><br>               Plaintiff,<br><br>vs.<br><br>RAMA CAPITAL PARTNERS, LLC, a California limited liability company; THE RAMA FUND, LLC, California limited liability company; ATHAS CAPITAL GROUP, INC.; a California corporation; ANTHONY TAMRAZ, an individual; A J T AMRAZ, INC., a California corporation; CESAR HERNANDEZ, an individual, SPURS CAPITAL, LLC, a Delaware Limited Liability Company, WILMINGTON SAVINGS FUND SOCIETY FSB /d/b/a Christina Trust, as Trustee for Bantam Funding Trust 2018-1; FIDELITY NATIONAL TITLE COMPANY, a California corporation; and DOES 1 through 20, inclusive,<br><br>               Defendants. | Case No. 8:20-cv-01634-MCS-ADS<br><br>*Assigned for all purposes to Honorable Mark C. Scarsi, Courtroom C*<br><br>**OBJECTIONS TO NOTICE OF DEPOSITION OF BRIAN O'SHAUGHNESSY**<br><br>Date:    September 28, 2021<br>Time:    10:00 a.m.<br>Place:   The Yocca Law Firm LLP<br>         19900 MacArthur Blvd. Suite 650<br>         Irvine, CA 92612 |

**TO PLAINTIFF AND TO HIS RESPECTIVE ATTORNEYS OF RECORD:**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Brian O'Shaughnessy ("Deponent") and Defendants RAMA CAPITAL PARTNERS, LLC, THE RAMA FUND, LLC, ATHAS CAPITAL GROUP, INC., SPURS CAPITAL, LLC AND WILMINGTON SAVINGS FUND SOCIETY FSB D/B/A CHRISTIANA TRUST, AS TRUSTEE FOR BANTAM FUNDING TRUST 2018-1 (collectively "Defendants"), hereby object to Plaintiff DAVID OAS, CHRISTINE BALABAN and ELIZABETH OAS, As Co-Trustees of THE JANET C. LUDVIGSON TRUST DATED JUNE 1, 1988's ("Plaintiff") Notice of Deposition ("Deposition Notice" or "Notice") to Deponent that was served o September 17, 2021, as follows:

**OBJECTIONS TO DEPOSITION**

Defendants and Deponent object on the ground that the deposition was unilaterally noticed by Plaintiff for September 28, 2021. Neither the Deponent nor counsel for Defendants is available for the deposition to proceed on that date. **The Deponent will thus not appear for a deposition on September 28, 2021.**

Deponent and counsel also object to the location of this deposition being noticed to take in-person as opposed to virtually and via video conference in light of the COVID-19 pandemic and the uptick in cases from the Delta Variant.

Defendants and Deponent further object to this deposition being noticed in the first instance as Deponent is the Chief Executive Officer of ATHAS CAPITAL GROUP, INC., and the taking of his deposition is not appropriate under the Apex doctrine. *See also* Anderson v. Cty. of Contra Costa, No. 15-CV-01673-RS (MEJ), 2017 WL 930315, at *3 (N.D. Cal. Mar. 9, 2017).

Defendants and Deponent also object to this deposition taking place as Plaintiff has also noticed the depositions of the persons most knowledgeable for THE RAMA

1    FUND, LLC, ATHAS CAPITAL GROUP, INC., and these have not yet been

2    completed as of today's date.

3           Deponent and Defendants reserve all rights to assert additional objections

4    relating to the deposition of this Deponent and also reserve all rights to file a

5    motion for protective order.

6

7     Dated:  September 21, 2021          BLANK ROME LLP

8                                        By: _____

9                                             Cheryl S. Chang
                                              Nicole B. Metral
10                                            Jessica A. McElroy
11                                       *Attorneys for Defendants*
                                         RAMA CAPITAL PARTNERS, LLC,
12                                       THE RAMA FUND, LLC, ATHAS
                                         CAPITAL GROUP, INC., SPURS
13                                       CAPITAL, LLC AND WILMINGTON
14                                       SAVINGS FUND SOCIETY FSB D/B/A
                                         CHRISTIANA TRUST, AS TRUSTEE
15                                       FOR BANTAM FUNDING TRUST
16                                       2018-1

17

18

19

20

21

22

23

24

25

26

27

28

---

2

**OBJECTIONS TO NOTICE OF DEPOSITION OF BRIAN O'SHAUGHNESSY**

154163.01225/126927728v.1

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

     On September 21, 2021, I served the foregoing document entitled: **OBJECTIONS TO NOTICE OF DEPOSITION OF BRIAN O'SHAUGHNESSY** on the interested parties in this action by serving:

| | |
|---|---|
| Mark W. Yocca<br>Paul Kim<br>Jared Glicksman<br>THE YOCCA LAW FIRM LLP<br>19900 MacArthur Blvd., Suite 650<br>Irvine, CA 92612<br>Tel: (949) 253-0800<br>Fax: (949) 253-0870<br>Email: myocca@yocca.com<br>Email: jglicksman@yocca.com | *Attorneys for Plaintiff,*<br>*DAVID OAS, CHRISTINE BALABAN*<br>*AND ELIZABETH OAS, As Co-*<br>*Trustees of the Janet C. Ludvigson*<br>*Trust Dated June 1, 1988* |
| Ron Giller<br>Hennelly & Grossfeld LLP<br>4640 Admiralty Way, Suite 850<br>Marina del Rey, CA 90292<br>Tel: (310) 305-2100 Ext. 132<br>Fax: (310) 305-2116<br>Email: rgiller@hgla.com | *Co-Counsel for Defendants,*<br>*WILMINGTON SAVINGS FUND*<br>*SOCIETY FSB D/B/A CHRISTIANA*<br>*TRUST, AS TRUSTEE FOR BANTAM*<br>*FUNDING TRUST 2018-1* |

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be transmitted to the person(s) at the e-mail address(es) as indicated.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

     Executed on **September 21, 2021** at Los Angeles, California.

_____
Tina I. Melendez

---

**CERTIFICATE OF SERVICE**

**EXHIBIT "C"**

# THE YOCCA LAW FIRM LLP

19900 MacArthur Boulevard
Suite 650
Irvine, California 92612

Telephone (949) 253-0800
Facsimile (949) 253-0870

September 22, 2021

Nicole Metral
Blank Rome
2029 Century Park East, 6th floor
Los Angeles, CA 90067

**Re:   Janet C. Ludvigson Trust Dated June 1, 1988 v. Rama Capital Partners, LLC et al., Case 8:20-cv-01634**

Dear Ms. Metral:

Plaintiff David Oas, Christine Balaban and Elizabeth Oas, as Co-Trustees of The Janet C. Ludvigson Trust Dated June 1, 1988's ("Plaintiff") is in receipt of Athas Capital Group, Inc. ("Athas") and The Rama Fund, LLC's ("Rama") purported objections to the deposition notice of Brian O'Shaughnessy.

Athas' purported objections are meritless. Contrary to your claims, "protection from 'apex' depositions is not appropriate where, as here, there is a factual dispute as to whether the deponent has first-hand knowledge of relevant facts." *Grateful Dead Prods. v. Sagan, No.* C 06-7727 (JW) PVT, 2007 U.S. Dist. LEXIS 56810, at *7 (N.D. Cal. July 25, 2007).   Here, Mr. O'Shaughnessy was **_personally_** involved in over a dozen communications concerning the loan at issue in this case.   (See attached).   Mr. O'Shaughnessy was also personally involved in the discussions surrounding the black-listing of Jonathan Oas as well as the assignment/sale of this loan to both Athas and the Spurs/Wilmington Defendants.   In light of his personal involvement, the fact that he also happens to be Chief Executive Officer is of no moment.

With respect to the date, we are more than happy to reschedule to a date where you and Mr. O'Shaughnessy are available (within reason).   Please provide such a date as soon as possible.

We are also amenable to stipulating to a Zoom Deposition.

This shall serve as our letter requesting a telephone conference to resolve these issues pursuant to Local Rule 37-1.   Accordingly, please provide us with dates you are available to meet and confer; **_this conference must be completed within ten (10) days._**

Very Truly Yours,

Jared Glicksman

**From:** Sima Yeganeh <Sima@athascapital.com>
**To:** Y-Drive <Y-Drive@athascapital.com>
**Cc:** Pasha Paran <pasha@athascapital.com>, Brian O'Shaughnessy <Brian@athascapital.com>
**Subject:** PP-Oas / LQB # HMR2019060427
**Date:** 2019-06-21 14:39:26 -0700
**Importance:** Normal

---

Hi Sohee!

Appraisal ordered with Act.

*Sima Yeganeh*
*Loan Opener*
*818.877.4274*
*www.athascapital.com*

Confidential - Subject to
Protective Order

RAMA005447

**From:** DO NOT REPLY Athas Credit Decisions </o=OEXCH090/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=5551f40a8f3a4ac9abc271dac64cb6d0-DONOTREPLYAthas>

**To:** Pasha Paran <pasha@athascapital.com>, <amraz@gmail.com>

**Bcc:** "Brian O'Shaughnessy" <Brian@athascapital.com>, "Kevin O'Shaughnessy" <Kevin@athascapital.com>, Yvonne Runyan <yrunyan@athascapital.com>, Marilu Lo Dolce <MLoDolce@athascapital.com>, Opening <Opening@athascapital.com>

**Subject:** HMR Approval For PP - Oas

**Date:** 2019-06-20 17:07:00 -0700

**Importance:** Normal

**Attachments:** CONDITIONAL_APPROVAL.pdf; Appraisal_Authorization_Form.pdf

---

Congratulations on your Conditional Loan Approval!

Should you have any questions regarding the below or attached please call your Account Executive.

Please find attached:
Conditional Loan Approval (CLA)
Credit Card Authorization to order the appraisal

Once borrower is ready to proceed please follow these steps:
Provide lender with signed CLA.  Borrower must sign and date where applicable.
Provide signed CC auth for the appraisal. The cost of the appraisal is outlined on page 2 of CLA
You can email all of the above when you are in receipt to your Athas Capital Account Executive.
Upon receipt of all in proper form and order, the loan file will be assigned to a dedicated Wholesale Account Manager.

**Athas Capital Group, Inc.**

**Please do not reply to this email. This address does not accept incoming messages and is for delivery purposes only.  Should you have any questions as to the content of this email or any attachments hereto please contact your Athas Capital Account Executive at 877.877.1477.**

**Thank you!**

Confidential - Subject to
Protective Order

RAMA005411

**From:** Sohee Lee </O=OEXCH090/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=56E48D67459B43608A74B80CA18210
F2-SOHEE@ATHASCAPI>

**To:** Underwriting <Underwriting@athascapital.com>

**Cc:** "Brian O'Shaughnessy" <Brian@athascapital.com>, Amali Dissanayake
<Amali@athascapital.com>, LeAnne Guimond <Leanne@athascapital.com>, Pasha
Paran <pasha@athascapital.com>

**Subject:** **SUPER RUSH** LC Review : PP Oas HMR2019060427

**Date:** 2019-06-27 12:46:00 -0700

**Importance:** Normal

**Attachments:** NEW_DSCR_RESI_7-2017.xlsx; Executive_Summary_-_04-2018-Copy.pdf

**Inline-Images:** image001.jpg; image002.jpg; image003.jpg

---

**\*\*CLOSING TOMORROW – CONFIRMED W/ ESCROW AND BRW THAT THEY CAN SIGN TOMORROW.
ORANGE COUNTY DOES SPECIAL RECORDINGS\*\***

Initial UW was NH
NOO SFR Refi
Appraisal came in lower than expected @ $900,000
Loan amount $585,000 @ 65% LTV
Payoff to California Bank and Trust
Vesting as an individual

Subject to:
- CS/CS approval
- Title to confirm ok to take out of trust

Thank  You,

Sohee Lee


Wholesale Account Manager



 

ph: 877-877-1477 ext 1164
Sohee@athascapital.com
Web: www.athascapital.com

*Athas Capital Group, ISAOA*
*27001 Agoura Rd, #200*

Confidential - Subject to
Protective Order

RAMA005869

**From:** Sohee Lee </O=OEXCH090/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=56E48D67459B43608A74B80CA18210F2-SOHEE@ATHASCAPI>

**To:** Underwriting <Underwriting@athascapital.com>, Docs <Docs@athascapital.com>

**Cc:** "Brian O'Shaughnessy" <Brian@athascapital.com>, Amali Dissanayake <Amali@athascapital.com>, LeAnne Guimond <Leanne@athascapital.com>, Pasha Paran <pasha@athascapital.com>

**Subject:** RE: PP-Oas (*HMR2019060427) / LC Approval

**Date:** 2019-06-28 13:58:00 -0700

**Importance:** Normal

**Inline-Images:** image001.jpg; image002.jpg; image003.jpg

---

Please clear for docs

Broker fee increased to 3pts (Brw approval on CS)

**Prior To Doc Conditions To Be Cleared By UW:**
1. Title to confirm they have all documents to clear items #2-4 under requirements for the TRUST. Title to review and opine on trust (vesting in Trust ) . – in file
2. Trust reflects a specific gift for Gertrude M DeZavala to receive (50,000). **Need to title to opine (Specific gift when Trustor dies)** – in file
3. Hazard insurance- need additional coverage to cover cost new (549,850) and Mailing address to be corrected on insurance with name of the Trust. – in file
4. Hazard-Provide renewal policy – the one in the file good thru 7/31/19 – in file
5. Processor cert to comment HOI is not a blanket policy – in file
6. Title to advise how they were able to clear item #8-10 (tax liens). Must have clean title. – in file
7. Title to clear SI under requirements all parties. – in file
8. Title to confirm any transfer taxes amount. – in file
9. Title to provide 125% coverage of loan amount . – in file

**Prior To Doc Conditions To Be Cleared By Funding:**
1. CS Approval – in file

**Expiration dates:**
Credit : 8/1/19 (45days)
Prelim : 7/26/19
Appraisal: 9/25/19
Payoff demands: 7/10/19
E-Sign: waiver 6/24/19-sent 6/27
Insurance: Effective: 7/31/18-7/31/19     Coverage: need more

**Wholesale:**
**FICO: 544**
**AE: Pasha**
**AM: Sohee**
**Product:** HMR – Hard Money Residential
**Refinance/ Cash out**
**Occupancy:** Non owner
**DTI: N/A**

Confidential - Subject to Protective Order

RAMA006078

**From:** Marilu Lo Dolce </O=OEXCH090/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=906B9F5212644FC7B0037D6013EECF56-MLODOLCE@ATHASC>

**To:** Sohee Lee <Sohee@athascapital.com>, Underwriting <Underwriting@athascapital.com>, Docs <Docs@athascapital.com>

**Cc:** "Brian O'Shaughnessy" <Brian@athascapital.com>, Amali Dissanayake <Amali@athascapital.com>, LeAnne Guimond <Leanne@athascapital.com>, Pasha Paran <pasha@athascapital.com>

**Subject:** RE: PP-Oas (*HMR2019060427) / LC Approval

**Date:** 2019-07-01 11:11:29 -0700

**Importance:** Normal

**Inline-Images:** image001.jpg

---

clear

**Prior To Doc Conditions To Be Cleared By Funding:**
1. CS Approval – in file
2. Title to provide 125% coverage of loan amount
3. Hazard- renewal policy to reflect correct mailing address and mortgagee clause

**Expiration dates:**
Credit : 8/1/19 (45days)
Prelim : 7/26/19
Appraisal: 9/25/19
Payoff demands: 7/10/19
E-Sign: waiver 6/24/19-sent 6/27
Insurance: Effective: 7/31/18-7/31/19     Coverage: 550k
Renewal 7/31/19/7/31/20


**Wholesale:**
**FICO: 544**
**AE: Pasha**
**AM: Sohee**
**Product: HMR – Hard Money Residential**
**Refinance/ Cash out**
**Occupancy: Non owner**
**DTI: N/A**
**DSCR:**
**State: CA**
**Loan Amount: 585,000**
**Loan Term: 24 month I/O**
**Interest Rate: 10.50%**
**Margin: N/A**
**CAPS: N/A**
**LTV: 65%**
**Interest Only?: Yes**
**Impounds?: No Pre pay**
**Prepay Term: N/A**
**Prepay Type: N/A**

RAMA006088

**From:** Marilu Lo Dolce </O=OEXCH090/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=906B9F5212644FC7B0037D6013EECF 56-MLODOLCE@ATHASC>

**To:** Sohee Lee <Sohee@athascapital.com>, Underwriting <Underwriting@athascapital.com>, Docs <Docs@athascapital.com>

**Cc:** "Brian O'Shaughnessy" <Brian@athascapital.com>, Amali Dissanayake <Amali@athascapital.com>, LeAnne Guimond <Leanne@athascapital.com>, Pasha Paran <pasha@athascapital.com>

**Subject:** RE: PP-Oas (*HMR2019060427) / LC Approval

**Date:** 2019-07-02 09:15:50 -0700

**Importance:** Normal

**Inline-Images:** image001.jpg

---

Revised fee 3% to broker
clear

**<u>Prior To Doc Conditions To Be Cleared By Funding:</u>**
1. CS Approval - in file
2. Title to provide 125% coverage of loan amount
3. Hazard- renewal policy to reflect correct mailing address and mortgagee clause

**<u>Expiration dates:</u>**
Credit : 8/1/19 (45days)
Prelim : 7/26/19
Appraisal: 9/25/19
Payoff demands: 7/10/19
E-Sign: waiver 6/24/19-sent 6/27
Insurance: Effective: 7/31/18-7/31/19        Coverage: 550k
Renewal 7/31/19/7/31/20

**Wholesale:**
**FICO: 544**
**AE: Pasha**
**AM: Sohee**
**Product:** HMR – Hard Money Residential
**Refinance/ Cash out**
**Occupancy: Non owner**
**DTI: N/A**
**DSCR:**
**State: CA**
**Loan Amount: 585,000**
**Loan Term: 24 month I/O**
**Interest Rate: 10.50%**
**Margin: N/A**
**CAPS: N/A**
**LTV: 65%**
**Interest Only?: Yes**
**Impounds?: No Pre pay**
**Prepay Term: N/A**

Confidential - Subject to
Protective Order

**From:** Tad Dahlke <tdahlke@ramsmtgcap.com>
**To:** Loan Trading <loantrading@ramsmtgcap.com>, Brian O'Shaughnessy <Brian@athascapital.com>, Alim Kassam <Alim@ramacapital.com>
**Subject:** Final pricing RAMS Bids for Athas; 106906
**Date:** 2020-09-10 14:20:56 -0700
**Importance:** Normal
**Inline-Images:** image001.png

---

**From:** Peter Slagowitz <PSlagowitz@spurscapital.com>
**Sent:** Thursday, September 10, 2020 2:19 PM
**To:** Tad Dahlke <tdahlke@ramsmtgcap.com>
**Cc:** Tony Mann <TMann@spurscapital.com>
**Subject:** RE: Peter here's the RAMS Bids for Athas; 106906



Here is the final population and loan level pricing,   at this price, Athas is still paying the fee to RAMS

Peter Slagowitz
CEO – Spurs Capital, LLC
O: +1-845-570-5062 / M: +1-917-602-8290

Confidential - Subject to
Protective Order

RAMA008301



**Tad Dahlke**
**RAMS Mortgage Capital**
Senior Managing Director
Office.855.485.6000
Cell.818-292-7040
tdahlke@ramsmtgcap.com

*Securities are offered through Rincon Securities Group, LLC, a Member of FINRA/SIPC and affiliate of RAMS Mortgage Capital. Securities are subject to investment
risks, including possible loss of the principal invested.*

*Confidentiality Notice:: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an
intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information
contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to
this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any
attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.*

Confidential - Subject to
Protective Order

**From:** Joshua Head <Joshua@athascapital.com>
**To:** Taric Jayawickreme <Taric@athascapital.com>, Alim Kassam <Alim@ramacapital.com>
**Cc:** Brian O'Shaughnessy <Brian@athascapital.com>
**Subject:** RE: Foreclosed borrowers
**Date:** 2020-10-03 09:13:27 -0700
**Importance:** Normal

---

Hi Taric,

Just a heads up. We had the majority of those borrowers on the blacklist already as they were on the last list that was provided therefore we added only the following borrowers:



| 399252690 | Oas, Jonathan | 31781 Paseo Terraza |
|-----------|---------------|---------------------|

Lastly, the prior list had the borrower's names spelled with their 1st name then last name while these were saved with the last name then their 1st name. Since I am simply copying & pasting this data over could we select which way we will be saving the borrower's names so we can be consistent with that moving fwd.

Thanks in advance,

Joshua Head
joshua@AthasCapital.com
TPOapplication@AthasCapital.com (for TPO related emails)
Compliance Manager

27001 Agoura Road Suite 200
Calabasas Hills, CA, 91301
(818)877-4273 Direct

CONFIDENTIALITY NOTICE -- PRIVILEGED AND CONFIDENTIAL
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above internet e-mail address. Thank you.

-----Original Message-----
From: Taric Jayawickreme <Taric@athascapital.com>
Sent: Friday, October 2, 2020 5:19 PM
To: Alim Kassam <Alim@ramacapital.com>; Joshua Head <Joshua@athascapital.com>
Cc: Brian O'Shaughnessy <Brian@athascapital.com>
Subject: RE: Foreclosed borrowers

Confidential - Subject to
Protective Order

RAMA008487

Hi Alim,

Will do.


Hi Josh,

Please see attached.




Thank you,

Taric Jayawickreme

818-930-5589
27001 Agoura Road, Suite 200
Calabasas Hills, CA 91301
Taric@athascapital.com


www.athascapital.com
www.ramacapital.com

CONFIDENTIALITY NOTICE -- PRIVILEGED AND CONFIDENTIAL This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above internet e-mail address. Thank you.

-----Original Message-----
From: Alim Kassam <Alim@ramacapital.com>
Sent: Friday, October 2, 2020 11:43 AM
To: Joshua Head <Joshua@athascapital.com>; Taric Jayawickreme <Taric@athascapital.com>
Cc: Brian O'Shaughnessy <Brian@athascapital.com>
Subject: Re: Foreclosed borrowers

Taric - please get Josh the updated list and make a reminder to please send to him each month.  Please cc me on those.   Thank you.

Sent from my iPhone

> On Oct 2, 2020, at 11:32 AM, Joshua Head <Joshua@athascapital.com> wrote:
>
> Hi Alim,
>
> The last spreadsheet we received was in late June.

Confidential - Subject to
Protective Order

RAMA008488

> If there are other's since please send them over so we can update our records for our ops team to be aware of.
>
> Thanks in advance,
>
> Joshua Head
> joshua@AthasCapital.com
> TPOapplication@AthasCapital.com (for TPO related emails) Compliance
> Manager
>
> 27001 Agoura Road Suite 200
> Calabasas Hills, CA, 91301
> (818)877-4273 Direct
>
> CONFIDENTIALITY NOTICE -- PRIVILEGED AND CONFIDENTIAL This
> communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above internet e-mail address. Thank you.
>
>
> -----Original Message-----
> From: Alim Kassam <Alim@ramacapital.com>
> Sent: Friday, October 2, 2020 11:30 AM
> To: Joshua Head <Joshua@athascapital.com>
> Subject: Foreclosed borrowers
>
> Hi Josh - has Taric been giving you updates about ongoing foreclosures so we dont make future loans to those borrowers?
>
> Sent from my iPhone

Confidential - Subject to

Protective Order

RAMA008489

**From:** Alim Kassam <Alim@ramacapital.com>
**To:** LS <LS@athascapital.com>
**Cc:** Brian O'Shaughnessy <Brian@athascapital.com>
**Subject:** Oas, Jonathan, Successor Trustee of The Janet C. Ludvigson Trust
**Date:** 2020-11-04 15:01:19 -0800
**Importance:** Normal

---

LS Team,
Can someone please reply to all with the executed CLA for this loan?

P.S. – this loan was sold to Cowboy recently and the file is in the 2020 paid off loans. But the CLA will need to be pulled from LQB.

Thanks,
Alim

**Alim Kassam**
Co-Chief Executive Officer
Rama Capital Partners, LLC
Athas Capital Group, Inc.

27001 Agoura Road, Suite 200
Calabasas, CA 91301
Office:  818.914.3000 ext 1234
Email:   alim@ramacapital.com
Fax:     818-647-0175
www.ramacapital.com
www.athascapital.com

*The Rama Fund CFL#: 603 H064; RCP CFL#: 603 H047; Athas CFL#: 603 F869; RCA BRE#: 01881572; Athas BRE#: 02001736*
*The Rama Fund NMLS: 284146; RCP NMLS#: 284149; Athas NMLS#: 275237; RCA NMLS# 398982, Unique Identifier NMLS#: 276874*

CONFIDENTIALITY NOTICE:
This communication, including attachments, is for the exclusive use of the person or entity to which it is addressed and may contain confidential, proprietary and/or privileged information. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received this by mistake, please contact the sender immediately.

**From:** Lakshmi Lankamsetty <LLankamsetty@athascapital.com>
**To:** Alim Kassam <Alim@ramacapital.com>, LS <LS@athascapital.com>
**Cc:** Brian O'Shaughnessy <Brian@athascapital.com>
**Subject:** RE: Oas, Jonathan, Successor Trusteee of The Janet C. Ludvigson Trust
**Date:** 2020-11-04 15:03:53 -0800
**Importance:** Normal
**Attachments:** EXECUTED_CLA_(8).pdf
**Inline-Images:** image003.png

Hi , Pls see attached Executed CLA

Thank you



Lakshmi Lankamsetty
Loan Servicing Specialist
27001 Agoura Rd #200, Calabasas Hills ,CA 91301
Phone: (818)835-4145 ▪ LLankamsetty@athascapital.com

**From:** Alim Kassam <Alim@ramacapital.com>
**Sent:** Wednesday, November 4, 2020 3:01 PM
**To:** LS <LS@athascapital.com>
**Cc:** Brian O'Shaughnessy <Brian@athascapital.com>
**Subject:** Oas, Jonathan, Successor Trusteee of The Janet C. Ludvigson Trust

LS Team,
Can someone please reply to all with the executed CLA for this loan?

P.S. – this loan was sold to Cowboy recently and the file is in the 2020 paid off loans.  But the CLA will need to be pulled from LQB.

Thanks,
Alim

**Alim Kassam**
Co-Chief Executive Officer
Rama Capital Partners, LLC
Athas Capital Group, Inc.

27001 Agoura Road, Suite 200
Calabasas, CA 91301
Office:  818.914.3000 ext 1234
Email:  alim@ramacapital.com
Fax:  818-647-0175
www.ramacapital.com
www.athascapital.com

*The Rama Fund CFL#: 603 H064; RCP CFL#:  603 H047; Athas CFL#: 603 F869; RCA BRE#: 01881572; Athas BRE#: 02001736*
*The Rama Fund NMLS: 284146; RCP NMLS#: 284149; Athas NMLS#: 275237; RCA NMLS# 398982, Unique Identifier NMLS#: 276874*

Confidential - Subject to
Protective Order

RAMA008873

Date: Thu, 27 Jun 2019 23:19:27 +0000
To: Sohee Lee <Sohee@athascapital.com>
Subject: RE: **SUPER RUSH** LC Review : PP Oas HMR2019060427

1. Property was inherited within the last 12 months- we need the following;
a. Court order approving refinance of subject property
b. Probate attorney must provide a letter of explanation regarding the use of the loan proceeds, copy of court order approving the refinance, proof of estate administrator and any other documents to reflect the legality of this transaction
c. Estate administrator must provide copy of the most recent will and complete the loan application on behalf of the estate and administrator
d. All cash proceeds from the transaction must be sent directly to the approved Trust account for the estate and acknowledged by the Probate Attorney
e. Percentage of ownership by all the heirs must be detailed
1. Hazard insurance- need additional coverage to cover cost new (549,850) and Mailing address to be corrected on insurance
2. **Provide renewal policy – the one in the file good thru 7/31/19**
3. Processor cert to comment HOI is not a blanket policy
4. **Mortgage is under Janet Ludvigson - need proor borrower has been making payments?? Currentey Janet Ludvi**
5. **Title to advise how they were able to clear item #8-10 (tax liens $48k, 144k).**
6. **Title to clear SI under requirements all parties**
7. **Title to confirm they have all documents to clear items #2-4 under requirements for the TRUST.**
8. **Title to confirm transfer txes**
9. Hard money loans require 125% coverage of loan amount this is exactly the loan amount
10. CS and CS approval
11. **Vesting is reflecting will vest in truat ?**
12. Title to review and opine on trust (confirm ok to take out of the trust )
13.

31781 Paseo Terraza, San Juan Capistrano, CA 92675

**Owner Information**

Primary Owner: **LUDVIGSON JANET C TR**

Mail Address: **31781 PASEO TERRAZA**
**SAN JUAN**
**CAPISTRANO CA 92675**

Assessor Parcel Number: 649-091-10

**Congratulations_____ & _____!!!!!**

**Prior To Doc Conditions To Be Cleared By UW:**

**Prior To Funding Conditions To Be Cleared By UW:**

**Prior To Doc Conditions To Be Cleared By Funding:**

**Prior To Funding Conditions To Be Cleared By Funding:**
Level 1 Prepay
**NOTE: If funds to close come in the form of a cashiers check, a copy of the bank statement showing the withdrawal of the money will also need to be provided PTF.**

**Expiration dates:**
Credit : 8/1/19 (45days)
Prelim : 7/26/19
Appraisal: 9/25/19
Payoff demands: 7/10/19
E-Sign: waiver 6/24/19-sent 6/27
Insurance: Effective: 7/31/18-7/31/19        Coverage: need more

**Wholesale:**
**FICO:**

Confidential - Subject to
Protective Order

RAMA009310

**AE:**
**AM:**
**Product:** HMR – Hard Money Residential
**Refinance/ Cash out**
**Occupancy:**
**DTI:**
**DSCR:**
**State:**
**Loan Amount:**
**Loan Term:**
**Interest Rate:**
**Margin:**
**CAPS:**
**LTV:**
**Interest Only?:**
**Impounds?:**
**Prepay Term:**
**Prepay Type:**
**Athas Discount Points:**
**Athas Origination Points:**
**Athas Ancillary Fees:**
**Broker Points:**
**Broker Ancillary Fees:**
**Broker rebate due to rate:**
**Broker rebate due to special:**
**Title approved Items:   1-6,**
**List of Required Pay Offs:   Mortgage, taxes and insurance**
**Trust/ irrevocable or revocable: irrevocable**
**Special Instructions: Vesting out of Trust (death cert in file)**
Vesting as an individual


Marilu Lo Dolce
Lead Underwriter

ATHAS2SM

*27001 Agoura Road. Suite 200*
*Calabasas Hills, CA. 91301*
ph: 877.877.1477 ext 1105
fax: 818.647.0175
MLoDolce@athascapital.com
*Web:* www.athascapital.com

*Please note proposed insured as the following :* **Athas Capital Group, Inc., its successors and or assigns.**

*CONFIDENTIALITY NOTICE -- PRIVILEGED AND CONFIDENTIAL*
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above internet e-mail address.

**From:** Sohee Lee
**Sent:** Thursday, June 27, 2019 12:45 PM
**To:** Underwriting
**Cc:** Brian O'Shaughnessy ; Amali Dissanayake ; LeAnne Guimond ; Pasha Paran
**Subject:** **SUPER RUSH** LC Review : PP Oas HMR2019060427

**\*\*CLOSING TOMORROW – CONFIRMED W/ ESCROW AND BRW THAT THEY CAN SIGN TOMORROW. ORANGE COUNTY DOES SPECIAL RECORDINGS\*\***

Initial UW was NH
NOO SFR Refi
Appraisal came in lower than expected @ $900,000
Loan amount $585,000 @ 65% LTV
Payoff to California Bank and Trust
Vesting as an individual

Subject to:

RAMA009311

- CS/CS approval
- Title to confirm ok to take out of trust

Thank  You,

Sohee Lee

Wholesale Account Manager



 

ph: 877-877-1477 ext 1164
Sohee@athascapital.com
Web: www.athascapital.com

*Athas Capital Group, ISAOA*
*27001 Agoura Rd, #200*
*Calabasas, CA 91301*

*CONFIDENTIALITY NOTICE -- PRIVILEGED AND CONFIDENTIAL*
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the attorney-client privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above internet e-mail address. Thank you.

**EXHIBIT "D"**

1              UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3   DAVID OAS, CHRISTINE          )
    BALABAN and ELIZABETH OAS,    )
4   As Co-Trustees of THE JANET   )
    C. LUDVIGSON TRUST DATED      )
5   JUNE 1, 1988, a California    )
    trust,                        )
6                                 )
                     Plaintiff,   ) Case No.:
7                                 ) 8:20-cv-01634-MCS-ADS
    vs.                           )
8                                 )
    RAMA CAPITAL PARTNERS,        )
9   LLC., a California limited    )
    liability company; THE RAMA   )
10  FUND, LLC, a California       )
    limited liability company;    )
11  ATHAS CAPITAL GROUP, INC.; a  )
    California corporation;       )
12  ANTHONY TAMRAZ, an            )
    individual; AJ TAMRAZ, INC.,  )
13  a California corporation;     )
    CESAR HERNANDEZ, an           )
14  individual; SPURS CAPITAL,    )
    LLC., a Delaware Limited      )
15  Liability Company,            )
    _____)

16

17

18                    VOLUME I

19      VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF

20                 YVONNE BRUMETT

21          FRIDAY, SEPTEMBER 17, 2021

22

23

24  Reported by:  Monice K. Campbell, CA CCR No. 14171

25  Job No.: 6226

```
 1   WILMINGTON SAVINGS FUND        )
     SOCIETY FSB d/b/a Christina    )
 2   Trust, as Trustee for the     )
     Bantam Funding Trust 2018-1;   )
 3   FIDELITY NATIONAL TITLE        )
     COMPANY, a California          )
 4   corporation; and DOES 1        )
     through 20, inclusive,         )
 5                                  )
                 Defendants.        )
 6   _____ )
```

 7

 8          VIDEOTAPED VIDEOCONFERENCE DEPOSITION OF

 9   YVONNE BRUMETT, held via videoconference, on Friday,

10   September 17, 2021, at 10:00 a.m., before Monice K.

11   Campbell, Certified Court Reporter, in and for the

12   State of California.

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1  BY MR. YOCCA:
 2       Q.   Ma'am, a couple of questions about
 3  what we just saw.
 4            MS. CHANG:  Before you ask questions, can
 5  we get the URL on the record and the date of the
 6  posting and the party that posted, please, because
 7  I don't have any of that information.
 8            MR. YOCCA:  I think we just established
 9  the party that created it.
10            MS. CHANG:  I don't believe that was ever
11  stated on record.  So could we get that on the
12  record before Mrs. Brumett answers any questions?
13  The date of posting, who posted it and the URL.
14            MR. YOCCA:  Mr. Glicksman, do you have
15  any of that information handy?  I'm not sure all
16  that is available through YouTube, but --
17            MS. CHANG:  It is.
18            MR. GLICKSMAN:  Well, I'm going to post
19  the URL into the chat.  It is https, colon, slash,
20  slash, y-o-u-t-u, dot, b-e, slash, six.  I can't
21  tell if that's an L, but an L, and it looks like an
22  underscore, a space, l-u-s-a-w-a-e-4.
23            And let me see what the posting date was.
24  The posting date is -- and I'll represent to you
25  that the posting date as listed on YouTube is
```

September 17, 2021

1   April 15th, 2011 and the poster name is -- the

2   account is Athas Capital.

3             MS. CHANG:  Thank you.

4   BY MR. YOCCA:

5       Q.   The video we just watched appeared to

6   be a tutorial that Athas offers online to

7   brokers or potential brokers.

8             Fair statement?

9             MS. CHANG:  Objection.  Vague and

10  ambiguous.  Calls for speculation.  Lacks

11  foundation.

12            You can answer, if you know.

13            THE WITNESS:  I don't know.

14  BY MR. YOCCA:

15      Q.   Brian@AthasCapital, the email address

16  that was referred to on the email, that's the

17  email address for Brian O'Shaughnessy, isn't it?

18      A.   Correct.

19      Q.   The video also talked about "tracking

20  the performance of the brokers."

21            Does Athas track the performance of its

22  brokers?

23            MS. CHANG:  Objection.  Vague and

24  ambiguous.

25            You can answer, if you know.

September 17, 2021

```
 1   do get trained on how to be a loan officer here.
 2   What that entails, I have no idea can.
 3   BY MR. YOCCA:
 4        Q.   Okay.  Do you know if there's -- who's
 5   in charge of that training?
 6             MS. CHANG:  Objection.  Calls for
 7   speculation.  Lacks foundation.
 8   BY MR. YOCCA:
 9        Q.   Do you know, one way or the other, who
10   is responsible for training the account
11   executives at Athas in loan handling?
12        A.   I don't know anything about specific loan
13   handling.  As far as training sales reps in
14   general, I know that Brian O'Shaughnessy does do a
15   training class.  Back in 2019, I can't say.  You
16   know, everything's ever evolving in this company
17   and I have been here forever so -- but, yeah.  And
18   their sales managers, I would assume, hold them by
19   the hand for a little while.
20        Q.   Do you know if there's any written
21   policies and procedures or training manuals for
22   the account executives?
23             MS. CHANG:  Same objections.
24             THE WITNESS:  I don't.
25   / / /
```

September 17, 2021

1    Q.   And what's Mr. O'Shaughnessy's role

2  with respect to the -- Brian O'Shaughnessy's

3  role with respect to the account executives?

4         MS. CHANG:  Objection.  Vague and

5  ambiguous.  Calls for speculation.  Lacks

6  foundation.

7         THE WITNESS:  I don't know.  I know he

8  oversees them.  I know he pays attention to sales.

9  I don't know exactly what he does with them.

10         MS. CHANG:  Can we take a ten-minute

11  break?

12         MR. YOCCA:  Sure.  Right now it's about

13  4:00 o'clock.  You want to be back at 4:10?

14         MS. CHANG:  Sure.  Thank you very much.

15         MR. YOCCA:  Off the record, Counsel.

16         THE VIDEOGRAPHER:  The time is

17  approximately 4:00 p.m.  We are off the record.

18         (Recess had.)

19         THE VIDEOGRAPHER:  The time is

20  approximately 4:12 p.m.  We are back on the record.

21         MR. YOCCA:  Counsel, as I stated before,

22  Mr. Glicksman put together a list of the exhibits

23  with the Bates numbers, which -- and there's Bates

24  numbers for most of the documents not all.  I will

25  have him read them into the record at this time so

September 17, 2021

1        Q.    So cash received by the borrower?

2        A.    Correct.  Cash-out.

3        Q.    This says "Any loan scenarios where

4   the cash-out amount exceeds $300,000 must be

5   approved by senior management.  No exceptions."

6           Is that the policy at Athas?  I think you

7   may be back on mute.

8        A.    Yes.  I don't think I'm on mute.

9        Q.    I'm sorry, I couldn't hear your prior

10  answer.

11       A.    Yes.

12       Q.    Now, on this loan, the cash amount to

13  the borrower exceeded $300,000, didn't it?

14       A.    I believe it did.

15       Q.    Which senior member of management

16  approved the loan?

17       A.    I don't recall, but I believe a manager

18  actually underwrote it.

19       Q.    Who's senior management?

20       A.    That would be myself or any other

21  management, Kevin, Brian.

22       Q.    Is there any records showing who

23  approved the cash-out on this loan, the subject

24  loan?

25       A.    I don't recall.

September 17, 2021

Yvonne Brumett, Volume I                                          Page 254

```
 1              CERTIFICATE OF REPORTER
 2   STATE OF CALIFORNIA    )
 3                          ) SS:
 4   COUNTY OF LOS ANGELES  )
 5            I, Monice K. Campbell, a duly
 6   commissioned and licensed court reporter for the
 7   State of California, do hereby certify:  That I
 8   reported the taking of the deposition of the
 9   witness, YVONNE BRUMETT, commencing on Friday,
10   September 17, 2021, at 10:00 a.m.;
11            That prior to being examined, the witness
12   was, by me, duly sworn to testify to the truth.
13   That I thereafter transcribed my said shorthand
14   notes into typewriting and that the typewritten
15   transcript of said deposition is a complete, true,
16   and accurate transcription of said shorthand notes.
17            I further certify that I am in no way
18   related to to any of the parties, nor am I in any way
19   interested in the outcome thereof.
20            IN WITNESS THEREOF, I have hereunto set my
21   hand in my office in the County of Los Angeles, State
22   of California, this 30th day of September, 2021.
23
24            _____
25
              Monice K. Campbell, CCR No. 14171
```

**EXHIBIT "E"**

1                    UNITED STATES DISTRICT COURT

2        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3

4    DAVID OAS, CHRISTINE BALABAN)   CASE NO.:
     and ELIZABETH OAS, As        )   8:20-cv-01634-MCS-ADS
5    Co-Trustees of THE JANET C.  )
     LUDVIGSON TRUST DATED June 1)   Assigned to:
6    1988, a California trust,    )   Hon. Mark C. Scarsi
                                   )
7              Plaintiff,          )   Courtroom:   7C
                                   )
8    vs.                           )
                                   )
9    RAMA CAPITAL PARTNERS, LLC,  )
     a California limited-         )
10   liability company; THE RAMA  )
     FUND, LLC, a California       )
11   limited-liability company;   )   VIDEOTAPED
     ATHAS CAPITAL GROUP, INC.;   )
12   a California corporation;     )   VIDEOCONFERENCE
     ANTHONY TAMRAZ, an           )
13   individual; A J TAMRAZ, INC.)   DEPOSITION OF
     a California corporation;     )
14   CESAR HERNANDEZ, an          )   PASHA PARAN
     individual; SPURS CAPITAL,   )
15   LLC, a Delaware limited-      )   CONFIDENTIAL PORTIONS
     liability company;           )   EXCERPTED
16   WILMINGTON SAVINGS FUND      )
     SOCIETY FSB d/b/a Christina  )   REMOTE LOCATIONS
17   Trust, as Trustee for Bantam)
     Funding Trust 2018-1;        )   MONDAY,
18   FIDELITY NATIONAL TITLE      )
     COMPANY, a California         )   SEPTEMBER 20, 2021
19   corporation and DOES 1       )
     through 20, inclusive,       )
20                                 )
                                   )
21              Defendants.        )
                                   )
22   _____)

23   REPORTED BY:

24   JEWEL WILLIAMS, CCR NO. 941

25   JOB NO. 6227

```
 1           THE WITNESS:  I don't have anything to say
 2    to that.  I've answered it numerous times.  It's not
 3    my job to underwrite the file.  I submit it to the
 4    underwriter, it's their job to review the
 5    information.
 6    BY MR. YOCCA:
 7       Q.   I thought you were the first line of
 8    defense?
 9           MS. CHANG:  Objection.  Argumentative.
10    Misstates the witness's testimony.
11           There's no question pending actually so you
12    don't have to answer anything.
13    BY MR. YOCCA:
14       Q.   Sir, are you the first line of defense at
15    Athas?
16           MS. CHANG:  Objection.  Vague and
17    ambiguous.
18           THE WITNESS:  Was there not proof of
19    residency provided and conditioned for?  I mean, the
20    underwriter conditioned for proof of residency.
21    That is the end all, be all.  At the end of the day,
22    if they're not able to provide proof that they are
23    living at the present address that they say that
24    they're living at, then the loan is not going to
25    closing.  It doesn't matter what the application
```

1    says, it's not going to get through Underwriting.

2    The client would need to produce PORs that would

3    reflect that he is not living in the property.

4         And the appraiser is another line of

5    defense, if you want to go there.  They would have

6    to indicate that it's owner-occ.  Their license is

7    also on the line.  And that appraisal came back

8    tenant occupied, did it not?

9    BY MR. YOCCA:

10        Q.   Sir, who hires the appraiser?

11        A.   I don't know.  It's an appraisal management

12   company.  Maybe you want to talk to the head of

13   operations about that one.

14        Q.   No, I want to ask you because I keep seeing

15   the same name on the same appraiser.  The same

16   appraiser for Mr. Voloshin.  The same appraiser for

17   Mr. Oas.  Do you use the same appraisal company for

18   each appraiser, appraisal you do?

19             MS. CHANG:  Objection.  Calls for

20   speculation.  Lack of foundation.

21   BY MR. YOCCA:

22        Q.   Do you use --

23             MS CHANG:  Assumes facts.

24   BY MR. YOCCA:

25        Q.   Do you use the same appraisal company for

September 20, 2021                                    Confidential
Pasha  Paran                                              Page 252

```
 1 |            CERTIFICATE OF REPORTER

 2 | STATE OF NEVADA   )
   |                   )     ss:
 3 | COUNTY OF CLARK   )

 4 |     I, Jewel Williams, a Certified Court Reporter

 5 | licensed by the State of Nevada, do hereby certify:

 6 | That I reported the deposition of PASHA PARAN on

 7 | Monday, September 20, 2021, at 10:02 a.m.

 8 |     That prior to being deposed, the witness was

 9 | duly sworn by me to testify to the truth.  That I

10 | thereafter transcribed my said stenographic notes via

11 | computer-aided transcription into written form, and

12 | that the typewritten transcript is a complete, true,

13 | and accurate transcription of said shorthand notes;

14 | that review of the transcript was not requested.

15 |     I further certify that I am not a relative,

16 | employee, or independent contractor of counsel or of

17 | any of the parties involved in the proceeding; nor a

18 | person financially interested in the proceeding; nor

19 | do I have any other relationship that may reasonably

20 | cause my impartiality to be questioned.

21 |     IN WITNESS HEREOF, I have set my hand in my

22 | office in the County of Clark, State of Nevada, this

23 | 30th day of September, 2021.

24 |                    _____

25 |                    JEWEL WILLIAMS, CCR NO. 941
```

**EXHIBIT "F"**

Electronically FILED by Superior Court of California, County of Los Angeles on 10/30/2020 05:57 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Hung, Deputy Clerk

1  Blank Rome LLP
   Caroline Powell Donelan (SBN 268762)
2  CDonelan@BlankRome.com
   Taylor Cross Morosco (SBN 316401)
3  TMorosco@BlankRome.com
   2029 Century Park East | 6th Floor
4  Los Angeles, CA 90067
   Telephone:   424.239.3400
5  Facsimile:   424.239.3434

6  Attorneys for Defendant
   ATHAS CAPITAL GROUP, INC.
7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF LOS ANGELES**

10

11  FLORENZO ROBERT DELLA RIPA, an
    individual

12                              Plaintiff,

13       vs.

14  ATHAS CAPITAL GROUP, a Corporation;
    BRIAN O'SHAUGHNESSY, in his individual
15  and official capacities, and DOES 1 to 25,
    inclusive,
16
17                              Defendants.

18

19

20

21

22

23

24

25

26

27

28

|  |  |
|---|---|
| Case No.:18STCV00039 | |
| *[Assigned for all purposes to Honorable Elaine Lu, Dept. 26]* | |

**DECLARATION OF BRIAN O'SHAUGHNESSY IN SUPPORT OF DEFENDANT ATHAS CAPITAL GROUP'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Date:   January 13, 2021
Time:   8:30 a.m.
Dept.:   26

**Reservation ID: 413967015397**

Complaint Filed:   10/09/2018
Trial Date:       None Set

---

**DECLARATION OF BRIAN O'SHAUGHNESSY IN SUPPORT OF ATHAS CAPITAL GROUP'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

154163.00201/124006050V.1

1      I, BRIAN O'SHAUGHNESSY, do declare as follows:

2      1.     I co-founded Athas Capital Group, Inc. ("Athas") in 2008 with Alim Kassam, my

3 business partner, and my brother, Kevin O'Shaughnessy. Mr. Kassam and I are each co-Chief

4 Executive Officer and Kevin O'Shaughnessy is Chief Operating Officer of Athas, and together we

5 have over 80 years of collective experience in real estate lending. I have access to and maintain

6 Athas' employee records and payroll documents in the usual course of business and have personal

7 knowledge of the facts set forth herein.

8      2.     Florenzo Della Ripa ("Plaintiff") began working for Athas as a Wholesale Account

9 Manager on March 24, 2016.

10      3.     Athas is a lending platform that provides unconventional loan products in the

11 competitive, non-qualified mortgage loan market (commonly referred to as "non-QM loans").

12 Athas's non-QM loan products do not meet the traditional standards of a qualified mortgage loan.

13 As opposed to traditional, "qualified" loans, non-QM loans are not required to meet the federal

14 government guidelines and instead use alternative qualification requirements.  Many non-QM loan

15 products, especially those that are for a business-purpose, are underwritten with a focus on the

16 value of the asset – i.e., the mortgaged property – as opposed to the borrower's income, FICO

17 credit scores, employment status, debt-to-income ratio, ability to pay, etc. Thus, in assessing risks

18 and determining whether to lend to a non-QM borrower, it is critical that the value of the property

19 is accurately assessed since it serves as collateral for the loan. Non-QM loan performance has

20 been traditionally strong at Athas, and many of its borrowers are seasoned investors.

21      4.     During Plaintiff's 2016-2017 employment with Athas, approximately 90% of

22 Athas's prospective borrowers were business investors looking to finance income properties, as

23 opposed to residential consumers looking to purchase a home.

24      5.     When Athas receives an application for a non-QM mortgage loan, Athas's

25 Wholesale Account Managers work with outside mortgage brokers (who have the relationship

26 with prospective borrowers) to gather documentation about the property. An appraisal report is

27 ordered through a third-party appraisal management company ("AMC") to opine on the asset's

28

154163.00201/124006050v.1          2

**DECLARATION OF BRIAN O'SHAUGHNESSY IN SUPPORT OF ATHAS CAPITAL GROUP'S MOTION
FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

1  value based on a number of factors including property size, condition, location, features, and

2  comparable sales in the area.

3    6.    The appraisal fee is charged directly by the AMC to the prospective borrower and is

4  paid directly to the AMC by the borrower. Athas does not receive any portion of the appraisal fee.

5    7.    Since the underwriting of many of Athas' non-QM loans are focused on the property

6  that will serve as collateral, Athas goes to great lengths to ensure the accuracy of property

7  valuations. As part of this due diligence, I review appraisal reports for errors, improper comps,

8  inflated property values, among other issues. As necessary, Athas can decline to use the AMC's

9  report altogether in making loan determinations.

10   8.    Because the non-QM mortgage industry is extremely competitive, and because

11  many lenders require color copies of an appraisal report before approving a loan, it is Athas's

12  policy to send a black-and-white copy of the property appraisal report to the broker and

13  prospective borrower at no charge after they are completed, regardless of whether credit is

14  extended, denied, incomplete or withdrawn. After a loan is: (1) funded and recorded, (2) declined,

15  or (3) the borrower cancels the loan file, then Athas's policy provides that the original, color copy

16  of the appraisal report be delivered to the borrower and broker. This policy, which Mr. Della Ripa

17  received and acknowledged on April 15, 2016, effectively prevents borrowers from "shopping

18  around" among multiple lenders with a color-copy of an appraisal report.  This policy reduces

19  time spent by Athas employees working on files that have a decreased chance of funding.

20   9.    In December 2016, Plaintiff requested a pay raise. I met with Plaintiff to discuss his

21  compensation request and offered him the opportunity to propose an alternative bonus structure

22  for the executive team's consideration. At the same time, I counseled Plaintiff on areas in which

23  he could improve his production and performance.

24   10.   Following that meeting, Plaintiff followed up via e-mail to me stating, "Thank you

25  very much for taking the time to pull me aside and speaking with me it was greatly appreciated. I

26  will be working hard towards improving on the topics we discussed." I responded shortly

27  thereafter, "Renzo its [sic] always good to talk to you. ☺"

28

**DECLARATION OF BRIAN O'SHAUGHNESSY IN SUPPORT OF ATHAS CAPITAL GROUP'S MOTION
FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

11.     In April 2017, Plaintiff submitted his proposed revised bonus structure via email, to which I responded, "Thank you for your incentive ideas!!! I have read through them and will be working on fine tuning a direction that I think the company go in to get you guys more incentives to bust ass! ☺"

12.     Shortly thereafter, Kevin O'Shaughnessy and I met with Plaintiff to discuss his proposal. O'Shaughnessy Decl., ¶X. Ultimately, we declined to adopt Plaintiff's proposal.

13.     On April 25, 2017, Athas's accounting manager, Melinda O'Connor, presented me with an Employment Verification Request ("EVR") and Notification and Release Authorization on behalf of PennyMac which had been signed by Plaintiff which showed that Plaintiff was pursuing other employment options with PennyMac.

14.     Prior to this, Athas has never received an EVR on behalf of a current employee. I was disappointed at receiving an EVR on Plaintiff, which I believed showed disloyalty, lack of commitment to his job at Athas, and a desire to not be at the company.

15.     Two days later, on April 27, 2017, I called Plaintiff into my office to discuss the EVR. I was disappointed about receiving the EVR and told him that I had lost trust in his commitment to Athas, or words to that effect. I terminated his employment that day. My decision to terminate Plaintiff had nothing to do with his Caucasian race. Similarly, my decision had nothing to do with any alleged complaints he now claims to have made concerning Athas' appraisal practices, of which I have no recollection.

16.     During Plaintiff's employment, he worked with Wholesale Account Managers L.G. and E.C., both of whom identify as Caucasian, and A.D. and S.K., both of whom identify as Asian.[1] Kevin O'Shaughnessy and I identify as Caucasian, and Alim Kassam identifies as Asian.

17.     Mr. Della Ripa made the same hourly wage (and in some cases more) and the same bonus and commission structure as the other Wholesale Account Managers with whom he worked. L.G. made $25 per hour in 2017 and $28.85 per hour in 2017. E.C. made $25 per hour in 2017. A.D. and S.K. each earned $28.85 per hour in 2017, like Mr. Della Ripa. The Wholesale Account

---

[1] I use the initials of these employees' names for sake of privacy.
154163.00201/124006050v.1                                        4
**DECLARATION OF BRIAN O'SHAUGHNESSY IN SUPPORT OF ATHAS CAPITAL GROUP'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

1 Managers' bonus structure was as follows: 1-5 units: $10.00 per unit; 6-10 units: $20.00 per unit;

2 11-15 units: $30.00 per unit; 16-20 units: $50.00 per unit; 21+ units: $75 per unit. A true and

3 correct copy of sample bonus structures and payroll records are attached hereto as **Exhibit 1**.

4   I declare under penalty of perjury under the laws of the State of California that the

5 foregoing is true and correct.

6   Executed this 29th day of October, 2020, in Los Angeles, California.

9       Brian O'Shaughnessy

**DECLARATION OF BRIAN O'SHAUGHNESSY IN SUPPORT OF ATHAS CAPITAL GROUP INC.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On October 30, 2020, I served the foregoing document(s): **DECLARATION OF BRIAN O'SHAUGHNESSY IN SUPPORT OF DEFENDANT ATHAS CAPITAL GROUP'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION,** on the interested parties in this action addressed and sent as follows:

Jamon R. Hicks                                 Attorneys for Plaintiff,
Bianca Perez                                    FLORENZO ROBERT DELLA RIPA
DOUGLAS/HICKS LAW, APC
5120 W. Goldleaf Circle, Suite 140
Los Angeles, California 90056
Telephone: (323) 655-6505
Facsimile: (323) 927-1941
Email: Jamon@DouglasHicksLaw.com;
Bianca@DouglasHicksLaw.com

Kristen Devezin
Email: Kristen@DouglasHicksLaw.com

☒  **BY ELECTRONIC SERVICE (EMAIL):**  Pursuant to Temporary Emergency Rule #12 related to electronic service of documents via email enacted by the California Judicial Counsel due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, I caused the document(s) listed above to be transmitted to the person(s) at the e-mail address(es) as indicated.  I am aware that I or another member of this office have previously confirmed the email address(es) indicated, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

☒  **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 30, 2020**, at Los Angeles, California.

_____
Charman S. Bee

154163.00201/118198804v.1

**EXHIBIT "G"**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID OAS , et al.

        Plaintiff(s),

   v.

RAMA CAPITAL PARTNERS, LLC, et al.

        Defendant(s).

Case No. 8:20–cv–01634–MCS–ADS

**ORDER RE: JURY TRIAL**

I.     **SCHEDULE**

II.    **TRIAL PREPARATION**

III.   **CONDUCT OF ATTORNEYS AND PARTIES**

## I.   SCHEDULE

The Scheduling Order governing this case is set forth in the Schedule of Pretrial and Trial Dates chart below. Whether this is a jury trial or court trial is indicated in the upper right hand box. If the parties wish to set additional dates, they may file a separate Stipulation and Proposed Order. This may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

Please refer to the Court's Standing Order for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, alternative dispute resolution, and other matters pertaining to all cases.

Case 8:20-cv-01634-MCS-ADS   Document 114   Filed 10/12/21   Page 58 of 77   Page ID
#:3045
Case 8:20-cv-01634-MCS-ADS   Document 73   Filed 02/17/21   Page 3 of 19   Page ID #:2136

## JUDGE MARK C. SCARSI
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Trial and Final Pretrial Conference Dates | | Court Order |
|---|---|---|
| Trial | | 2/22/2022 at 8:30 a.m.<br> x Jury Trial<br> _ Court Trial<br>4–5 Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine | | 2/7/2022 at 2:00 p.m. |
| **Event**[1]<br>***Note:*** Hearings shall be on Monday at 9:00 A.M.<br>Other dates can be any day of the week | Weeks Before FPTC | **Court Order** |
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties | | 6/21/2021 |
| Non-Expert Discovery Cut-Off | 17 | 10/12/2021 |
| Expert Disclosure (Initial) | | 9/15/2021 |
| Expert Disclosure (Rebuttal) | | 9/29/2021 |
| Expert Discovery Cut-Off | 12[2] | 10/6/2021 |
| Last Date to ***Hear*** Motions<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 11/15/2021 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | 11/29/2021<br>_ 1. Magistrate Judge<br>_ 2. Court's Mediation Panel<br> x 3. Private Mediation |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (*court trial only*)<br>• Declarations containing Direct Testimony (*court trial only*) | 3 | 1/17/2022 |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (*jury trial only*)<br>• Disputed Proposed Jury Instructions (*jury trial only*)<br>• Joint Proposed Verdict Forms (*jury trial only*)<br>• Joint Proposed Statement of the Case (*jury trial only*)<br>• Proposed Additional Voir Dire Questions, if any (*jury trial only*)<br>• Evidentiary Objections to Decls. of Direct Testimony (*court trial only*) | 2 | 1/24/2022 |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *This is often appropriate for class actions and patent and ERISA cases*.**

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

**A.     Deadlines for Motions**

All motions must be noticed to be *heard* on or before their respective deadlines. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

**B.     Discovery Cut-Off and Discovery Disputes**

1.     <u>Discovery Cut-off</u>:  The cut-off date for discovery *is not* the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, must be completed. Thus, written discovery must be served, and depositions must begin, sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge via motion practice responses deemed to be deficient. Given the requirements to meet and confer and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

2.     <u>Expert Discovery</u>:  All expert disclosures must be made in writing.  The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

3.     <u>Discovery Disputes</u>:  Counsel must use best efforts to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. Counsel must adhere to the Civility and Professionalism Guidelines at <u>http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines</u> .

4.     <u>Discovery Motions</u>:  Discovery motions are handled by the Magistrate Judge assigned to the case. Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance

///

1   of the discovery cut-off date to permit the responses to be obtained before that

2   date if the motion is granted.

3   **C.      Law and Motion and Local Rule 7-3**

4          The Court reminds the parties of their obligation under Local Rule 7-3 to

5   meet and confer to attempt to resolve disputes before filing a motion. This Court

6   also requires the parties to meet and confer on any other request for relief (except

7   those identified in Local Rules 7-3 and 16-12).

8          Please see the standing order for specific instructions regarding Motions to

9   Dismiss, Motions to Amend, Motions for Summary Judgment, and other requests.

10  **D.      Settlement Conference/Alternative Dispute Resolution Procedures**

11         Pursuant to Local Rule 16-15, the parties in every case must participate in

12  a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure.

13  The Scheduling Order indicates the procedure the parties shall use. If the parties

14  prefer an ADR procedure other than the one ordered by the Court, they shall file

15  a Stipulation and Proposed Order. This request will not necessarily be granted.

16         Counsel shall file a Joint Report regarding the outcome of settlement

17  discussions, the likelihood of possible further discussions, and any help the Court

18  may provide with regard to settlement negotiations, by 7 days after the settlement

19  conference. No case will proceed to trial unless all parties, including the principals

20  of all corporate parties, have appeared personally at a settlement conference.

21  **E.      Final Pretrial Conference/Proposed Final Pretrial Conference**

22  **          Order**

23         The Court has set a Final Pretrial Conference ("FPTC") pursuant to Fed. R.

24  Civ. P. 16 and Local Rule 16-8. **THE COURT REQUIRES STRICT**

25  **COMPLIANCE WITH FED. R. CIV. P. 16 AND 26, AND LOCAL RULE 16.**

26  Each party appearing in this action must be represented at the FPTC by the lead

27  trial counsel for that party. Counsel must be prepared to discuss streamlining the

28  trial, including presentation of testimony by deposition excerpts or summaries,

1   time limits, stipulations as to undisputed facts, and qualification of experts by

2   admitted resumes.

3       The parties must file a Proposed Final Pretrial Conference Order ("Proposed

4   FPTCO") 2 weeks (14 days) before the FPTC. The parties must adhere to this

5   deadline so chambers can prepare. A template for the Proposed FPTCO is

6   available on Judge Scarsi's webpage. The parties MUST use this template.

7       In specifying the surviving pleadings under section 1, state which claims or

8   counterclaims have been dismissed or abandoned, e.g., "Plaintiff's second

9   action for breach of fiduciary duty has been dismissed." Also, in multiple-party

10   cases where not all claims or counterclaims will be prosecuted against all

11   remaining parties on the opposing side, please specify to which party each claim

12   or counterclaim is directed.

13       The parties must attempt to agree on and set forth as many uncontested facts

14   as possible. The Court will usually read the uncontested facts to the jury at the

15   start of trial. A carefully drafted and comprehensively stated stipulation of facts

16   will shorten the trial and increase jury understanding of the case.

17       In drafting the factual issues in dispute, the parties should attempt to state

18   issues in ultimate fact form, not in the form of evidentiary fact issues. The issues

19   of fact should track the elements of a claim or defense on which the jury will be

20   required to make findings.

21       Issues of law should state legal issues on which the Court will be required

22   to rule during the trial and should not list ultimate fact issues to be submitted to

23   the trier of fact.

24       The parties shall email the Proposed FPTCO in Microsoft Word format to

25   chambers at MCS_Chambers@cacd.uscourts.gov.

26   **II.   TRIAL PREPARATION**

27       **THE PARTIES MUST STRICTLY COMPLY WITH LOCAL RULE**

28   **16.** Please review Local Rule 16-2. Pursuant to Local Rule 16-2, lead trial

Case 8:20-cv-01634-MCS-ADS   Document 114   Filed 10/12/21   Page 62 of 77   Page ID
#:3046
Case 8:20-cv-01634-MCS-ADS   Document 73   Filed 02/17/21   Page 7 of 19   Page ID #:2140

1   counsel for each party are required to meet and confer in person 40 days in

2   advance to prepare for the FPTC. This Order sets forth some requirements

3   different from or in addition to those set out in Local Rule 16. The Court may

4   take the FPTC off calendar or impose other sanctions for failure to comply with

5   these requirements.

6   **A.    Schedule for Filing Pretrial Documents for Jury and Court**

7          **Trials**

8   Copies of all pretrial documents shall be delivered to the Court "binder-

9   ready" (three-hole punched on the left side, without blue-backs, and stapled

10   only in the top left corner). Except for motions in limine, oppositions, the

11   Joint Status Report Regarding Settlement, and Declarations containing direct

12   testimony, **Counsel shall email all of the below pretrial documents,**

13   **including any amended documents, in Microsoft Word format to**

14   **MCS_Chambers@cacd.uscourts.gov** .

15   The schedule for filing pretrial documents is as follows:

16   ◆   At least **3 weeks (21 days)** before the Final Pretrial Conference:

17       • Motions in Limine

18       • Memoranda of Contentions of Fact and Law

19       • Witness Lists

20       • Joint Exhibit List

21       • Joint Status Report Regarding Settlement

22       • Proposed Findings of Fact and Conclusions of Law (*court trial*

23         *only*)

24       • Declarations containing Direct Testimony (*court trial only*)

25   ◆   At least **2 weeks (14 days)** before the Final Pretrial Conference:

26       • Oppositions to Motions in Limine

27       • Joint Proposed Final Pretrial Conference Order

28       • Joint/Agreed Proposed Jury Instructions (*jury trial only*)

- Disputed Proposed Jury Instructions (*jury trial only*)

- Joint Proposed Verdict Forms (*jury trial only*)

- Joint Statement of the Case (*jury trial only*)

- Proposed Additional Voir Dire Questions, if any (*jury trial only*)

- Evidentiary Objections to Declarations of Direct Testimony *(court trial only)*

### 1. Motions in Limine

No side may file more than 5 motions in limine without leave of court.

Motions in limine will be heard and ruled on at the FPTC. The Court may rule on motions in limine orally only instead of in writing. All motions in limine must be filed at least 3 weeks (21 days) before the final pretrial conference; oppositions must be filed at least 2 weeks (14 days) before the final pretrial conference; there will be no replies. Motions in limine and oppositions must not exceed 10 pages in length.

Before filing a motion in limine, counsel **must** meet and confer to determine whether opposing counsel intends to introduce the disputed evidence and to attempt to reach an agreement that would obviate the motion. Motions in limine should address specific issues (e.g., not "to exclude all hearsay"). Motions in limine should not be disguised motions for summary adjudication of issues.

### 2. Witness Lists

Witness Lists must be filed 3 weeks (21 days) before the FPTC. They must be in the format specified in Local Rule 16-5, and must also include for each witness (i) a brief description of the testimony, (ii) what makes the testimony unique, and (iii) a time estimate in hours for direct and cross-examination (separately stated). Please follow the template posted to Judge Scarsi's webpage. Any Amended Witness List must be filed by 12:00 p.m. (noon) the Friday before trial.

///

### 3. Joint Exhibit List

The Joint Exhibit List must be filed 3 weeks (21 days) before the FPTC. It must be in the format specified in Local Rule 16-6, and shall include an additional column stating any objections to authenticity and/or admissibility, and the reasons for the objections. Please follow the template posted to Judge Scarsi's webpage. Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) the Friday before trial.

### 4. Jury Instructions (*jury trial only*)

Jury instructions must be filed no later than 2 weeks (14 days) prior to the FPTC. The parties shall make every attempt to agree upon jury instructions before submitting proposals to the Court. **The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.** The parties shall meet and confer on jury instructions according to the following schedule:

- *4 weeks (28 days) before FPTC*:  Counsel shall exchange proposed jury instructions (general and special)

- *3 weeks (21 days) before FPTC*:  Counsel shall exchange any objections to the instructions

- *Until 2 weeks (14 days) before FPTC*:  Counsel shall meet and confer with the goal of reaching an agreement on one set of Joint/Agreed Jury Instructions.

- *2 weeks (14 days) before FPTC*:  counsel shall file their (1) Joint/Agreed Proposed Jury Instructions and their (2) Disputed Jury Instructions.

If the parties disagree on any proposed jury instructions, they shall file: (i) **1 set** of Joint/Agreed Proposed Jury Instructions to which all parties agree; and (ii) **1 set** of Disputed Jury Instructions, which shall include a "redline" of any disputed language and/or the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall

1  be organized by subject, so that instructions that address the same or similar

2  issues are presented sequentially. If there are excessive or frivolous disagreements

3  over jury instructions or the special verdict form, the Court will order the parties

4  to further meet and confer before trial and/or during trial until they substantially

5  narrow their disagreements.

6       ***Sources***:  When the *Manual of Model Jury Instructions for the*

7  *Ninth Circuit* provides an applicable jury instruction, the parties should submit

8  the most recent version, modified and supplemented to fit the circumstances of

9  this case. Where California law applies, counsel should use the current edition

10  of the *Judicial Council of California Civil Jury Instructions* ("CACI"). If neither

11  applies, counsel should consult the current edition of O'Malley, et al., *Federal*

12  *Jury Practice and Instructions*. Counsel may submit alternatives to these

13  instructions only if there is a reasoned argument that they do not properly state

14  the law or that they are incomplete. The Court seldom if ever gives instructions

15  derived solely from cases.

16       ***Format***:  Each requested instruction shall (1) cite the authority or

17  source of the instruction, (2) be set forth in full, (3) be on a separate page, (4) be

18  numbered, (5) cover only one subject or principle of law, and (6) not repeat

19  principles of law contained in any other requested instruction. If a standard

20  instruction has blanks or offers options (i.e. "he/she"), the parties must fill in

21  the blanks or make the appropriate selections in their proposed instructions.

22       ***Index***:  The Proposed Instructions must have an index that includes

23  the following for each instruction, as illustrated in the example below:

24       • the number of the instruction;

25       • the title of the instruction;

26       • the source of the instruction and any relevant case citations; and

27       • the page number of the instruction.

28  ///

*Example:*

Instruction

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

During the trial and before closing argument, the Court will meet with counsel to settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

### 5. Joint Verdict Forms (*jury trial only*)

The parties shall make every attempt to agree upon a verdict form before submitting proposals to the Court. Counsel shall file a proposed verdict form(s) no later than 2 weeks (14 days) before the FPTC. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the factual or legal basis for each party's respective position if the entire form is being disputed.

### 6. Joint Statement of the Case (*jury trial only*)

By 2 weeks (14 days) before the FPTC, counsel must file a Joint Statement of the Case for the Court to read to the panel of prospective jurors before commencement of voir dire. This should be a brief neutral statement, no more than one page long.

### 7. Voir Dire (*jury trial only*)

The Court will conduct the voir dire. The Court asks prospective jurors basic questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.), and may ask additional case-specific questions. By 2 weeks (14 days) before the FPTC, counsel may, but are not required to, file proposed case-specific voir dire questions for the Court's consideration.

Generally, a jury consists of eight jurors. In most cases, the Court seats 16 prospective jurors in the jury box and conducts its initial voir dire. Each side has

1   3 peremptory challenges. If 14 jurors are seated in the box and all 6 peremptory

2   challenges are exercised, the remaining 8 jurors will constitute the jury panel.

3   If fewer than 6 peremptory challenges are exercised, the 8 jurors in the lowest

4   numbered seats will be the jury. The Court will not necessarily accept a stipulation

5   to a challenge for cause. If one or more challenges for cause are accepted, and

6   all 6 peremptory challenges are exercised, the Court may decide to proceed with

7   6 or 7 jurors.

## 8. Proposed Findings of Fact and Conclusions of Law (*court trial only*)

10      For any trial requiring findings of fact and conclusions of law, counsel for

11   each party shall, no later than 3 weeks (21 days) before the FPTC, file and serve

12   on opposing counsel its Proposed Findings of Fact and Conclusions of Law in

13   the format specified in Local Rule 52-3.

14      The parties may submit Supplemental Proposed Findings of Fact and

15   Conclusions of Law during the trial. Once trial concludes, the Court may order

16   the parties to file Revised Proposed Findings of Fact and Conclusions of Law.

## 9. Declarations for Direct Testimony (*court trial only*)

18      Unless relieved from this requirement upon a party's motion, each party

19   shall, at least 3 weeks (21 days) before the FPTC, file declarations containing the

20   direct testimony of each witness whom that party intends to call at trial. Each party

21   shall file any evidentiary objections to the declarations(s) submitted by any other

22   party by 2 weeks (14 days) before the FPTC. Such objections shall be submitted

23   in the following three-column format: (i) the left column should contain a

24   verbatim quote of each statement objected to (including page and line number);

25   (ii) the middle column should set forth a concise objection (e.g., hearsay, lacks

26   foundation, etc.) with a citation to the Fed. R. Evid. or, where applicable, a case

27   citation; and (iii) the right column should provide space for the court's ruling on

28   the objection. The Court anticipates issuing its ruling on the objections the same

1    date as the FPTC.

2    **B.    Trial Exhibits**

3        Trial exhibits that consist of documents must be submitted to the Court in

4    three-ring binders. Counsel shall submit to the Court **1 original set of exhibit**

5    **binders, and 2 copies**: the original set shall be for the witnesses, and the 2 copies

6    are for the Court. All exhibits must be placed in three-ring binders indexed by

7    exhibit number with tabs or dividers on the right side. Exhibits shall be numbered

8    1, 2, 3, etc., **not** 1.1, 1.2, etc. The defendant's exhibit numbers shall not duplicate

9    plaintiff's numbers. For all 3 sets of binders, the spine of each binder shall indicate

10   the volume number and the range of exhibit numbers included in the volume.

11       • The ***original set of exhibits*** shall have official exhibit tags (yellow tags

12          for plaintiff's exhibits, and blue tags for defendant's exhibits) affixed to

13          the front upper right-hand corner of the exhibit, with the case number,

14          case name, and exhibit number stated on each tag. Tags may be obtained

15          from the Clerk's Office, or counsel may print their own exhibit tags using

16          Forms G-14A and G-14B on the "Court Forms" section of the Court's

17          website.

18       • The ***2 sets of copies of the exhibits shall not*** have official exhibit tags

19          but must be indexed with tabs or dividers on the right side.

20       Counsel will review the exhibit list and the exhibit binders with the

21   Courtroom Deputy Clerk ("CRD") before the admitted exhibits are given to

22   the jury.

23       The Court provides audio/visual equipment for use during trial.  More

24   information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-

25   technology . The Court does not permit exhibits to be "published" by passing

26   them up and down the jury box. Exhibits may be displayed briefly using the

27   screens in the courtroom, unless the process becomes too time-consuming.

28   ///

1   Counsel must meet and confer not later than 10 days before trial to
2   stipulate as far as possible to foundation, to waiver of the best evidence rule,
3   and to exhibits that may be received into evidence at the start of the trial. The
4   exhibits to be so received will be noted on the Court's copy of the exhibit list.

5   **C.     Materials to Present on First Day of Trial**

6   Counsel must present these materials to the CRD on the ***first day of trial***:

7        1. The **3 sets of exhibit binders** (1 original, 2 copies) described above.

8        2. Any **deposition transcripts** to be used at trial, either as evidence

9           or for impeachment. These lodged depositions are for the Court's

10          use; counsel must use their own copies during trial.

11  **D.     Court Reporter**

12  Any party requesting special court reporter services for any hearing (i.e.,

13  real time transmission, daily transcripts) shall notify the court reporter at least 2

14  weeks before the hearing date.

15  **E.     Jury Trial**

16  On the first day of trial, court will commence at 8:30 a.m. and conclude at

17  approximately 4:30 p.m., with a 1-hour lunch break. Counsel must appear at

18  8:30 a.m. to discuss preliminary matters with the Court. The Court will call a

19  jury panel only when it is satisfied that the matter is ready for trial. Jury selection

20  usually takes only a few hours. Counsel should be prepared to proceed with

21  opening statements and witness examination immediately after jury selection.

22  Mondays are usually reserved for the Court's calendar, so generally there

23  will not be trial on Mondays, unless a jury is deliberating. Trial days are generally

24  Tuesday through Friday, from 9:00 a.m. to approximately 4:30 p.m., with two

25  15-minute breaks and a 1-hour lunch break.

26  **III.  CONDUCT OF ATTORNEYS AND PARTIES**

27  **A.     Meeting and Conferring Throughout Trial**

28  The parties **must** meet and confer on an ongoing basis throughout trial on

1   all issues as they come up. The Court will not resolve any issue during trial

2   unless and until the parties have attempted to resolve it themselves. The Court

3   strictly enforces this rule.

4        **B.**     **Opening Statements, Examining Witnesses, and Summation**

5        Counsel must use the lectern. Counsel must not consume time by writing out

6   words, drawing charts or diagrams, etc. Counsel may prepare such materials in

7   advance. The Court will establish and enforce time limits for opening statements

8   and closing arguments, and for examination of witnesses.

9        **C.**     **Objections to Questions**

10       Counsel must not use objections to make a speech, recapitulate testimony,

11   or attempt to guide the witness.

12       When objecting, counsel must rise to state the objection and state only that

13   counsel objects and the legal ground of objection. If counsel wishes to argue an

14   objection further, counsel must ask for permission to do so.

15        **D.**     **General Decorum**

16          1.     Counsel must not approach the CRD or the witness box

17   without specific permission and must return to the lectern when the purpose for

18   approaching has been accomplished.

19          2.     Counsel must rise when addressing the Court, and when the

20   Court or the jury enters or leaves the courtroom, unless directed otherwise.

21          3.     Counsel must address all remarks to the Court. Counsel must

22   not address the CRD, the court reporter, persons in the audience, or opposing

23   counsel. Any request to re-read questions or answers shall be addressed to the

24   Court. Counsel must ask the Court's permission to speak with opposing counsel.

25          4.     Counsel must not address or refer to witnesses or parties by

26   first names alone, with the exception of witnesses under 14 years old.

27          5.     Counsel must not offer a stipulation unless counsel have

28   conferred with opposing counsel and have verified that the stipulation will be

acceptable.

6.    While Court is in session, counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

7.    Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

8.    Counsel must never talk to jurors at all, and must not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors. Counsel should admonish their clients and witnesses to avoid such conduct.

9.    Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

**E.    Promptness of Counsel and Witnesses**

1.    Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, this trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors.

2.    If a witness was on the stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3.    Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4.    No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available and there is more than a brief delay, the Court may deem that party to have rested.

///

5.      The Court attempts to cooperate with professional witnesses and generally accommodates them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

**F.      Exhibits**

1.      Each counsel must keep counsel's own list of exhibits and must note when each has been admitted into evidence.

2.      Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3.      An exhibit not previously marked must, at the time of its first mention, be accompanied by a request that it be marked for identification. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4.      Counsel must advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5.      When referring to an exhibit, counsel must refer to its exhibit number. Witnesses should be asked to do the same.

6.      Counsel must not ask witnesses to draw charts or diagrams, or ask the Court's permission for a witness to do so. Any graphic aids must be fully prepared before the court session starts.

**G.      Depositions**

1.      In using depositions of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

a.      If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins

1   and the page and line where the reading ends, and allow time for any

2   objection. Counsel may then read the portions of the deposition into the

3   record.

4           b.     If counsel wishes to ask the witness further questions

5   on the subject matter, the deposition shall be placed in front of the witness

6   and the witness told to read the relevant pages and lines silently. Then

7   counsel may either ask the witness further questions on the matter and

8   thereafter read the quotations, or read the quotations and thereafter ask

9   further questions. Counsel should have an extra copy of the deposition for

10  this purpose.

11          2.     Where a witness is absent and the witness's testimony is

12  offered by deposition, counsel may (a) have a reader occupy the witness chair

13  and read the testimony of the witness while the examining lawyer asks the

14  questions, or (b) have counsel read both the questions and the answers.

15  **H.    Using Numerous Answers to Interrogatories and Requests for**

16         **Admission**

17  Whenever counsel expects to offer a group of answers to interrogatories or

18  requests for admissions extracted from one or more lengthy documents, counsel

19  should prepare a new document listing each question and answer and identifying

20  the document from which it has been extracted. Copies of this new document

21  should be given to the Court and opposing counsel.

22  **I.    Advance Notice of Unusual or Difficult Issues**

23  If any counsel anticipate that a difficult question of law or evidence will

24  necessitate legal argument requiring research or briefing, counsel **must** give

25  the Court advance notice. Counsel are directed to notify the CRD at the day's

26  adjournment if an unexpected legal issue arises that could not have been foreseen

27  and addressed in advance. Counsel must also advise the CRD at the end of each

28  trial day of any issues that must be addressed outside the presence of the jury so

1    that there is no interruption of the trial. **THE COURT WILL NOT KEEP**

2    **JURORS WAITING.**

3         **Parties appearing pro se must comply with the Federal Rules of Civil**

4    **Procedure and the Local Rules.** *See* **Local Rules 1-3 and 83-2.2.3.**

5         **IT IS SO ORDERED.**

6

7    Dated:  February 17, 2021

8                                              HONORABLE MARK C. SCARSI
                                               UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "H"**

Case 8:20-cv-01634-MCS-ADS   Document 114   Filed 10/12/21   Page 76 of 77   Page ID
Case 8:20-cv-01634-MCS-ADS   Document 96   Filed 08/09/21   Page 1 of 2   Page ID #:2303
#:3060

1

2

3

4

5

6

7           UNITED STATES DISTRICT COURT

8    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

| 10 | DAVID OAS, CHRISTINE BALABAN and ELIZABETH OAS, As Co-Trustees of THE JANET C. LUDVIGSON TRUST DATED JUNE 1, 1988, a California trust, | **CASE NO.:** 8:20-cv-01634-MCS-ADS |
|----|----|----|
| 11 | | **ORDER APPROVING** |
| 12 | | **STIPULATION TO MODIFY THE** |
| 13 | Plaintiff, | **SCHEDULING ORDER** |
| 14 | vs. | |

15 RAMA CAPITAL PARTNERS, LLC, a

16 California limited liability company;

17 THE RAMA FUND, LLC, a California limited liability company; ATHAS

18 CAPITAL GROUP, INC.; a California

19 corporation; ANTHONY TAMRAZ, an individual; A J TAMRAZ, INC., a

20 California corporation; CESAR

21 HERNANDEZ, an individual, SPURS

22 CAPITAL, LLC, a Delaware Limited Liability Company, WILMINGTON

23 SAVINGS FUND SOCIETY FSB

24 /d/b/a Christina Trust, as Trustee for Bantam Funding Trust 2018-1;

25 FIDELITY NATIONAL TITLE

26 COMPANY, a California corporation; and DOES 1 through 20, inclusive,

27

28      Defendants.

The Court, having reviewed the parties' stipulation and good cause appearing, orders that the Non-Expert Discovery Cut-off, Expert Discovery Cut-off, Expert Discovery (Rebuttal), and the Last Day to Hear Motions shall be continued by no-more than thirty (30) days pursuant to the following table:

| November 9, 2021 | Non-Expert Discovery Cut-off |
|------------------|------------------------------|
| November 3, 2021 | Expert Discovery Cut-off |
| October 13, 2021 | Expert Discovery (Rebuttal) |
| December 13, 2021 | Last Day to Hear Motions |

**IT IS SO ORDERED.**

DATED: August 9, 2021

HON. MARK C. SCARSI
UNITED STATES DISTRICT COURT JUDGE

2