BLANK ROME
Cheryl S. Chang (SBN 237098)
Cheryl.Chang@BlankRome.com
Nicole Bartz Metral (SBN 286606)
Nicole.Metral@blankrome.com
Jessica A. McElroy (SBN 299919)
Jessica.McElroy@BlankRome.com
2029 Century Park East, Suite 600
Los Angeles, California 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

*Attorneys for Defendants*
RAMA CAPITAL PARTNERS, LLC, THE RAMA
FUND, LLC, ATHAS CAPITAL GROUP, INC., SPURS
CAPITAL, LLC AND WILMINGTON SAVINGS FUND
SOCIETY FSB D/B/A CHRISTIANA TRUST, AS
TRUSTEE FOR BANTAM FUNDING TRUST 2018-1

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVID OAS, CHRISTINE BALABAN and ELIZABETH OAS, As Co-Trustees of THE JANET C. LUDVIGSON TRUST DATED JUNE 1, 1988, a California trust<br><br>                    Plaintiff,<br><br>    vs.<br><br>RAMA CAPITAL PARTNERS, LLC, a California limited liability company; THE RAMA FUND, LLC, a California limited liability company; ATHAS CAPITAL GROUP, INC.; a California corporation; ANTHONY TAMRAZ, an individual; A J TAMRAZ, INC., a California corporation; CESAR HERNANDEZ, an individual; and DOES 1 through 20, inclusive<br><br>                    Defendants. | Case No. 8:20-cv-01634-MCS-ADS<br><br>**DECLARATION OF CHERYL S. CHANG RE: DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUTOFF DATE AND SUMMARY JUDGMENT DEADLINES, OR IN THE ALTERNATIVE, CONTINUING TRIAL DATE AND MODIFYING THE SCHEDULING ORDER**<br><br>(*Ex Parte Application filed and [Proposed] Order lodged concurrently*) |

154163.01225/127270364v.3

## DECLARATION OF CHERYL S. CHANG

I, CHERYL S. CHANG, do declare as follows:

1.      I am a member of the Bar of the State of California and a partner in the firm Blank Rome LLP, counsel for defendants ATHAS CAPITAL GROUP, INC. ("Athas"), THE RAMA FUND, LLC ("Rama Fund"), RAMA CAPITAL PARTNERS, LLC ("Rama Partners"), SPURS CAPITAL, LLC ("Spurs"), and WILMINGTON SAVINGS FUND SOCIETY FSB /D/B/A CHRISTINA TRUST, AS TRUSTEE FOR BANTAM FUNDING TRUST 2018-1 ("Wilmington" and collectively, "Defendants") in the above-captioned action.  I am one of the attorneys responsible for handling this action on behalf of Defendants and am lead trial counsel for this matter.  I make this declaration of my personal knowledge and my review of the litigation file kept in the ordinary course of business, and could and would testify competently hereto.

2.      I make this declaration relating to Defendants' *Ex Parte* Application seeking an Order to continue the fact and expert discovery cutoff (currently both November 9, 2021) by one month and continuing all dispositive motion deadlines so that the parties can have the benefit of additional discovery and evidence prior to filing their motions for summary judgment, which are currently due on November 8, 2021, or in the alternative, an order continuing the trial and all pre-trial deadlines by six months ("Application").

**Depositions of Plaintiff's Trustees**

3.      On August 26, 2021, Defendants served Notices of Deposition of the co-trustees of Plaintiff David Oas, Christine Balaban and Elizabeth Oas, as Co-Trustees of The Janet C. Ludvigson Trust Dated June 1, 1988's (collectively hereinafter "Ludvigson Trust" or "Plaintiff"), Christine Balaban, Elizabeth Oas, and David Oas, to take place on October 8, 11, and 12, respectively.  True and correct copies of the three Notices of Deposition are attached hereto as Exhibit 1.

4.      Almost a month later and on September 21, 2021, Plaintiff's counsel advised via email the date for Ms. Balaban did not work and on September 22, 2021, the parties agreed to a new date for her – October 13, 2021.  Nothing was said about the other trustee depositions.  A true and correct copy of the email exchange reflecting this is attached hereto as Exhibit 2.  On

**DECLARATION OF CHERYL S. CHANG**

1   September 27, 2021, Defendants served an Amended Notice of Deposition for Ms. Balaban for

2   October 13, 2021.  A true and correct copy of the Amended Notice of Deposition is attached

3   hereto as Exhibit 3.

4          5.       On October 5, 2021, Plaintiff's counsel stated in email that "we need to continue

5   the depositions of David Oas, Elizabeth Oas, and Christine Balaban" because "[w]e have been

6   experiencing technical challenges in obtaining the documents responsive to Defendants'

7   document requests … And, just as Defendants took the position that they would not produce

8   their witnesses twice if Plaintiff refused to continue its depositions of Defendants' witnesses,

9   Plaintiff does not intend to produce its witnesses twice, either."  After several email exchanges

10  and on October 7, 2021, the parties agreed to new dates for David Oas and Elizabeth Oas –

11  October 28 and November 4, respectively.  A true and correct copy of the email exchange

12  reflecting this is attached hereto as Exhibit 4.  On October 18, 2021, Defendants served

13  Amended Notices of Deposition for David Oas and Elizabeth Oas.  True and correct copies of

14  the two Amended Notices of Deposition are attached hereto as Exhibit 5.

15         6.       On October 19, 2021, the parties finally agreed to a deposition date for Ms.

16  Balaban via email – November 5, 2021.  A true and correct copy of the email exchange reflecting

17  this is attached hereto as Exhibit 6.  On October 20, 2021, Defendants served the Second

18  Amended Deposition Notice of Ms. Balaban for the date provided by Plaintiff's counsel.  A true

19  and correct copy of the Second Amended Deposition Notice is attached hereto as Exhibit 7.

20         7.       On October 25, 2021 (two weeks before the MSJ deadline), Plaintiff's counsel

21  unilaterally canceled Elizabeth Oas' October 28, 2021 deposition for no legitimate reason.

22  Plaintiff's counsel stated in an email "it seems clear that the Court is not amenable to granting

23  any kind of trial continuance that would assist the parties at this stage. … As you know, we

24  produced over 4000 pages of documents this weekend and are working to get you the remaining

25  documents that we agreed to produce as soon as possible.  Nevertheless, I believe that the earliest

26  we will be able to complete our production is this weekend.  **Accordingly, we will not be**

27  **producing Beth Oas for deposition on Thursday**." (emphasis added).  A true and correct copy

28  of this email is attached hereto as Exhibit 8.  No formal objections were ever served for her

1    deposition.  On October 28, 2021, I attended the deposition of Elizabeth Oas after prepping for

2    several hours.  Neither Elizabeth Oas nor her counsel appeared, and I took a certificate of non-

3    appearance.  A true and correct copy of the Certificate of Non-Appearance is attached hereto as

4    Exhibit 9.

5         8.    On November 2, 2021, Plaintiff's counsel unilaterally canceled the other two

6    trustee depositions stating "David Oas and Christine Balaban will not appear this week and will

7    only do so once you work with us on dates and agree to produce your witnesses for deposition."

8    A true and correct copy of this email is attached hereto as Exhibit 10.  Formal objections have

9    not been served as to the depositions of either of these witnesses.  On November 4, 2021, I

10   attended the deposition of David Oas after prepping for several hours.  Neither David Oas nor

11   his counsel appeared, and I took a certificate of non-appearance.

12   **Deposition of Jonathan Oas**

13        9.    On August 26, 2021, Defendants issued a subpoena for Jonathan Oas' deposition

14   (and provided notice of same to Plaintiff's counsel) for September 30, 2021.  A true and correct

15   copy of the Notice Attaching the Subpoena is attached hereto as Exhibit 11.  The process server

16   my office hired advised that they were unable to serve him.  Later, Jonathan Oas called

17   colleagues, including Nicole Metral, at my office and on the phone with them stated he would

18   be willing to accept service of another subpoena if it was on a date for which he was available.

19   Thus, Defendants issued another subpoena for a deposition date selected by Jonathan Oas and

20   my office contacted him multiple times over email to accept service – he never agreed.  My

21   office then hired a process server to personally serve him at an address provided to us by

22   Plaintiff's counsel, and the process served advised they were unable to serve him.  A true and

23   correct copy of the process server's declaration for the second subpoena is attached hereto as

24   Exhibit 12.

25   **Deposition of Anthony Tamraz**

26        10.   On October 4, 2021, a process server hired by my office served Mr. Tamraz with

27   a subpoena for deposition on November 1, 2021.  On October 29, 2021, Mr. Tamraz contacted

28   my colleague, Nicole Metral, and told her he would appear for his deposition.  However, he did

154163.01225/127270364v.3                    3

**DECLARATION OF CHERYL S. CHANG**

not appear on November 1, 2021, and Ms. Metral took a certificate of non-appearance. A true and correct copy of the certificate of Non-Appearance that attaches the subpoena, proof of service, and follow-up correspondence with Mr. Tamraz is attached hereto as Exhibit 13.

**Deposition of Plaintiff's Expert**

11.      On October 18, 2021, Plaintiff served my office with the expert report of their expert, Jay Hibert. Two days after Defendants learned for the first time the identity of Plaintiff's expert and on October 20, 2021, my office issued a subpoena for Mr. Hibert's deposition on November 3, 2021 and asked via email if Plaintiff's counsel would accept service of the same. I was copied on this email. Plaintiff's counsel did not respond to this email, and have never responded to date, so my office proceeded with serving the expert directly on October 22, 2021. On October 23, 2021, my office cause an amended subpoena for Mr. Hibert to be served that added additional document requests, but was for the same deposition date and time. On October 25, 2021, my office provided formal notice to Plaintiff's counsel of the deposition. A true and correct copy of the email transmitting the notice is attached hereto as Exhibit 14. On November 2, 2021 (the day before the expert's deposition), Plaintiff's counsel unilaterally canceled the deposition and stated "[a]s you also know, you noticed this deposition on minimum notice, without clearing the date with our firm. We are not available tomorrow. ***This deposition is not proceeding tomorrow***." A true and correct copy of this email is attached hereto as Exhibit 15. In this same email, Plaintiff's counsel claimed the subpoena was invalid as the expert witness fees not being advanced. This was not true, as witness fees were in fact advanced by the attorney service. Further, expert witness fees are not required in advance to proceed with a deposition. Additionally, no formal objections were served as to the expert witness's deposition for this claimed invalidity or for any other reason. On November 3, 2021, I attended the deposition of Mr. Hibert after prepping for several days. Neither Mr. Hibert nor Plaintiff's counsel appeared, and I took a certificate of non-appearance. A true and correct copy of the Certificate of Non-Appearance is attached hereto as Exhibit 16, which includes the expert report, subpoena and amended subpoena as exhibits.

**DECLARATION OF CHERYL S. CHANG**

**<u>Other Items</u>**

12.     It is unclear whether Plaintiff has completed its document production – the last document production was made on November 3, 2021, but they have not indicated if the production is complete.

13.     As I have stated in declarations before, I am lead trial counsel for Defendants and am scheduled to be out on family leave April 2022-August 2022. These dates may extend earlier or later in the year depending on my medical condition.

14.     I notified Plaintiff's counsel of this Application.  On November 4, 2021 at 2:34 p.m., I called Plaintiff's counsel, Mark Yocca, to provide notice of the Application.   When he answered the phone, without prompting from me, he immediately said "you're calling to give me ex parte notice." Mr. Yocca's contact information is: The Yocca Law Firm LLP, 19900 MacArthur Blvd., Suite 650, Irvine, CA 92612, Tel: (949) 253-0800, Email: myocca@yocca.com.  Mr. Yocca advised that Plaintiff would not be opposing either of the specific reliefs requested and that Plaintiff agrees the relief is necessary.  Mr. Yocca did note, however, that Plaintiff would be responding to the content of this Application.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of November, 2021, at Los Angeles, CA.

/s/ Cheryl Chang
CHERYL S. CHANG

154163.01225/127270364v.3

5

**DECLARATION OF CHERYL S. CHANG**